FILED

FEB 1 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JURY ACTION

| | |
|---|---|
| AMIN JONES, #88206-079<br>U.S. Penitentiary<br>Plaintiff,<br>POB 1000<br>Leavenworth, KS 66048<br>vs.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>and<br><br>UNITED STATES ATTORNEYS OFFICE<br>MIDDLE DISTRICT OF FLORIDA<br><br>and<br><br>UNITED STATES PROBATION OFFICE,<br><br>and<br><br>FEDERAL BUREAU OF PRISONS,<br><br>Defendant(s)<br><br>JOHN DOE<br>NUMBERED ONE (1) THROUGH TEN (10)<br>ALL INDIVIUALLY AND UNDER<br>THE CAPACITY OF EMPLOYMENT,<br><br>Defendant(s), (et. al). | CASE NUMBER  1:06CV00248<br><br>JUDGE: Paul L. Friedman<br><br>DECK TYPE: FOIA/Privacy Act<br><br>DATE STAMP: 02/10/2006<br><br>FOIA/CIVIL RIGHT SUIT<br><br>UNDER THE AUTHORITY OF<br><br>5 U.S.C. § 552a<br>5 U.S.C. § 702<br><br>42 U.S.C. § 1983<br>28 U.S.C. § 1331<br>28 U.S.C. § 2680<br>28 U.S.C. § 2201<br>18 U.S.C. § 1001<br>18 U.S.C. § 1506<br>18 U.S.C. § 241-242<br><br>SELLERS v. BOP<br>959 F.2d 307 (DC Cir.) |

PRELIMINARY COMPLAINT FOR DECLARTORY AND INJUNCTIVE RELIEF

COMES NOW, Amin Jones (hereinafter "Plaintiff") acting pro-se, and hereby respectfully submits his Preliminary Complaint For Declaratory and Injunctive Relief. In connection Plaintiff states as follows:

RECEIVED

JAN 0 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

## J U R I S D I C T I O N

1) This Honorable Court has jurisdiction over this matter by virtue of the Authorities listed on the fact of this coplaint: 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 2680; 28 U.S.C. § 2201; 18 U.S.C. § 1001; 18 U.S.C. § 1506; 18 U.S.C. § 241-242; 5 U.S.C. § 552a; 5 U.S.C. § 702; and Sellers v. BOP, 959 F.2d 307 (DC Cir. 1992). In addition, Plaintiff respectfully ask the Court to recognize his pro-se effort and assert subject matter jurisdiction under any other law, rule, regulation, policy, procedure and/or presidence (whether or not cited in this action) that are now, or were at any time during this matter inforce and effect from which such lawful jurisdictional authority could have been invoked.

2) This Court has jurisdiction over the United States Department of Justice, its agencies and employees. This cause of action involves Federal and State officials acting under color of legal authority through the Department of Justice.

3) Plaintiff files his complaint in good-faith with this Court to avoid local prejudice, in that, the Defendant(s) and each of them may attempt to use their official position to intimidate local Court officials within their district to undermined the outcome of this action.

4) Plaintiff is acting pro-se, and is non-cognitive of the law, and herein asks this Court to liberally construe this pleading pursuant to; Haines v. Kerner, 404 U.S. 519.

## P A R T I E S

1) Plaintiff Amin Jones, is an incarcerated person confined at the Federal Correctional Complex, Post Office Box 1000, Leavenworth, Kansas 66048.

2) Defendant the United States Department of Justice is an Executive Branch of the United States Government, and has among its constituents agencies several investigative offices, to include the Office of Professional Responsibility, the Civil Division, the Office of the Inspector General, and the Criminal Division. The duty of these agencies is to investigate reports of employee misconduct involving possible violation of both Ethical and Criminal violations which includes violations of **Title 18 U.S.C. § 1001, and 18 U.S.C. § 241-241 et seq.**, The legal mailing address of the Defendant is 950 Pennsylvania Avenue, N.W., Washington, D.C. 2350.

3) The Defendant, the United States Attorneys Office, for the Middle District of Florida, is an Executive Branch of the United States Department of Justice, with a legal mailing address of 80 North Hughey Avenue, Orlando, Florida 32801.

4) The Defendant, the United States Probation Office is an Executive Branch of the United States Department of Justice with a legal mailing address of 501 East Polk Street, Room 900, Tampa, Florida 33603-3945.

5) The Defendant, the Federal Bureau of Prisons is an Executive Branch of the United States Department of Justice with a legal mailing address of 320 First Street, N.W., Washington, D.C. 20534.

6) The Defendant(s) listed as John Doe one (1) through ten (10) are all individuals whom identity are known and unknown to Plaintiff, the Defendant(s) and each of them are Federal and State officials acting under color of legal authority through the Department of Justice, the identities of the Defendant(s) will be released at a later date due to Plaintiff fears of Defendant(s) retaliation.

## COUNT ONE (1)

1) That by letter under the Freedom of Information Act, Plaintiff requested all records in any way connected to his name, from the United States Attorneys Office, Orlando Florida.

2) That by letter the United States Attorneys Office responded denying Plaintiff's request.

3) That by letter Plaintiff appealed the United States Attorneys Office denial to the United States Department of Justice Office of Information and Privacy, Flag Building, Suite 570, Washington D.C. 20530.

4) That on December 8th, 2003, Plaintiff received notice from the Office of Information and Privacy advising him that his request was denied and that he should seek judicial review in the United States District Court District of Columbia. **See Attachment "A".**

5) Plaintiff has exhausted all available remedies in his efforts to obtain the requested records.

6) Defendant United States Attorneys Office, is arbitrarily and capriciously withholding records from Plaintiff.

—4—

7) Plaintiff is entitled to access to the requested information.

8) This action is proper to obtain access to the requested records.

## COUNT TWO (2)

1) That beginning on a date unknown to Plaintiff, continuing through August 9th, 2005, and continuing, Defendant(s) and each of them through a pattern of illegal activities has combined, conspired, and confederate together to participate in a scheme and, did participate in a scheme.

2) The objective of the scheme by Defendant(s) was to injure Plaintiff by knowingly and willfully obtaining false and misleading information, storing said information within their system of records, and using said information in retaliation against Plaintiff for the free exercise of his rights secured under the United States Constitution.

3) That Defendant(s) was fully aware that on or about June 6th, 1997, Plaintiff was kidnapped and tortured by Osbourn Blake, Hugh Johnson and others.

4) That the Orlando Police Department through a documented investigation advised the Defendant(s) that Plaintiff was a victim.

5) That Defendant(s) threatened Plaintiff with retaliation if he did not testify against his kidnappers Johnson and Blake prior to using the false and misleading information against Plaintiff.

6) That the Defendant(s) and each of them did, with bad purpose and evil motive, embark upon a campaign of retaliation against Plaintiff by using the mention false false and misleading information obtained from Plaintiff's kidnappers (Johnson and Blake) against Plaintiff which injured him.

7) At all times relevant hereto, the Defendant(s) and each of them, in discharging their duties were acting under color of law, and in furtherance of the conspiracy, did commit the following acts, to with; and did;

A. Knowingly elicit false and misleading information for the purpose of injuring Plaintiff.

B. Knowingly and willfully store false and misleading information their system of files/records.

C. Knowingly and willfully present false and misleading information in the form of writing to the authorities, the court and the public.

D. Knowingly and willfully commit fraud upon the Court.

E. Knowingly and willfully violate **Title 18 U.S.C. § 1001** (relating to knowingly and willfully making use of false writing); § 241 (relating to conspiracy to injure, oppress, threaten, or intimidate any person) § 242 (relating to deprivation of Constitutional rights and privileges, First, Fifth, Sixth and Eight Amendment).

F. Knowingly and willfully violate the Privacy Act; **Title 5 U.S.C.** § 552(a) seq. and <u>Seller v. B.O.P.</u>, 959 F.2d 307 (D.C. Cir.).

8) Plaintiff did object to, and request that the Defendant(s) correct the false and misleading information.

9) As a result of the objection and request, the Defendant(s) and each of them did, combine with other to threaten and intimidate Plaintiff in an effort to detoure him from requesting that the false and misleading information be corrected.

10) As a direct and proximate result of the acts of the Defendant(s) and each of them, the Plaintiff is suffering irreparable harm, pain and emotional trauma, apprehension and depression; not limiting unfavorable rulings in both administrative and judicial proceedings.

11) Deliberately discriminating against a person because of his religious or ethnic attributes, or deliberately using false and misleading information against a person as punishment without due process are acts which Defendant(s) knew or should have known are constitutional violation; <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

**WHEREFORE**, the Plaintiff prays judgment against the Defendant(s) and each of them, as stated in his **REQUEST FOR RELIEF**.

### COUNT THREE (3)

1) Plaintiff re-alleges the allegations contained in paragraphs 1 through 4 of the Jurisdictional Statement as though the same were fully set forth herein.

-7-

2) Beginning on or about date unknown to Plaintiff and continuing up to and include August 2005, the Defendant(s) and each of them, did combine, and confederate together and with divers others, the identity of whom are unknown to the Plaintiff, to punish the Plaintiff for the purpose of keeping him oppress, in violation of his Constitutional rights.

3) At all times relevant hereto, the Defendant(s) knew or should have known that the Plaintiff possessed the right to have the records to his open court proceedings remain true and correct for public use.

4) It was the objective of the conspiracy of the Defendant(s) to punish Plaintiff by altering his open court proceedings.

5) At all times relevant hereto, the Defendant(s), and each of them, in discharging their discretionary duties were acting under color of law, and in furtherance of the conspiracy, did commit the following acts, to with; and did:

A. Knowingly and willfully alter court records relating to Plaintiff, and did knowingly furnish said records to the public and authorities.

B. Knowingly and willfully violate **Title 18 U.S.C. § 1506** (relating to alteration of court records or proceeding); **§ 242** (relating to deprivation of Constitutional rights First, Fifth and Eight Amendment).

C. Knowingly and willfully violate **Title 5 U.S.C. § 552(a)** et seq.

F. Knowingly and willfully violate **Fed.R.Crim.P. Rule 6(f)**.

-8-

6) As a direct and proximate result of the acts of the Defendant(s) and each of the, the Plaintiff was denied access to the Courts, denial of his **due process** rights, which is causing him irreparable harm, continuing pain and suffering.

7) The acts of the Defendant(s) to alter the Court records to Plaintiff's open Court proceedings, is an act of fraud, an abuse of process, and a violation of Plaintiff rights under the First, Fifth and Sixth Amendment, to include violations of the Privacy Act.

**WHEREFORE,** the Plaintiff prays judgement against the Defendants and each of them, as states in his **REQUEST FOR RELIEF**.

## COUNT FOUR (4)

1) That on or about November 15, 2003, the Plaintiff submitted a writing complaint to the United States Department of Justic pursuant to the Administrative Procedural Act, **Title 5 U.S.C. § 701-702 et seq.**

2) The Plaintiff alleged in his complaint that officials did knowingly and willfully elicit false and misleading information for Plaintiff's kidnappers (Johnson, Blake and other), and that the officials did use said information in the United States District Court for the Middle District of Florida.

3) The Plaintiff also alleged in his complain that the officials used threats and illegal interrogations to intimidate Plaintiff, that the official pattern of illegal activities constitute violations of **Title 18 U.S.C. § 1001, § 241-241 et seq.**

-9-

4) Finally, Plaintiff alleged in his complaint that officials while acting under color of law obstructed justice, by subjecting Plaintiff to an intense battery of interrogation in the absence of his attorney to intimidate him, and did deny Plaintiff medical treatment in order to prevent him from providing other official with evidence needed in an ongoing judicial proceeding.

5) As a direct and proimate result of the Defendant, the Department of Justice failure to conduct an investigation, the Plaintiff **due process** right was violated, his rights under the Administrative Procedural Act was violated, and thus the Department of Justice failed to discover:

A. That the civil and criminal violation alleged in Plaintiff's complaint arose from violation of the Constitution and Statutes of the United States by federal and state official acting under in concert while exploiting their respective office within the government as a vehicle to violate their statutory and Constitutional rights owed to Plaintiff.

B. That the mentioned officials did, knowingly present false and misleading information **only** to the foreperson of a grand jury in the form of a complaint, had the foreperson sign a pre-draft indictment, and filed that indictment with the clerk of the court in violation of federal law and criminal procedures.

C. That the objective of the acts of the official was to retaliate against Plaintiff for the free exercise of his rights secured under the United States Constitution.

D. And, that the records obtained by Plaintiff via the Freedom of Information Act, and the tape recordings/records related to Plaintiff's open court proceedings proves that the subject officials are guilty of violating federal law **Title 18 U.S.C. § 1001, § 241-242 et seq.**

6) That based on the Department of Justice failure to investigate alleged in Plaintiff's complaint this action is proper to obtain an investigation and and other relief this Honorable Court deems just and proper.

**WHEREFORE**, the Plaintiff prays judgment against the Defendant(s) and each of them, as stated in his **REQUEST FOR RELIEF**.

### JURY TRIAL REQUESTED

Plaintiff request trial by specific jury, as the cause of this action may be to complicated for the average citizen. Jury should only include those with a more than average knowledge of the law, such as Senators, Attorneys, Law Professors, to include law students ect.

### REQUEST FOR AND INDEPENDENT INVESTIGATION

Plaintiff request the court appoint an independent panel to investigate (1) the Defendant(s) pattern of criminal activities; (2) the Defendant(s) violations of Plaintiff's civil rights; (3) the Defendant(s) violations of **Title 18 U.S.C. § 1001; § 241-241 et seq.** (4) the Defendant violation of the ABA Model Rules of Professional Conduct, Rule 3:7; et seq., and the Administrative Procedural Act.

-11-

In addition, Plaintiff respectfully request this Honorable Court appoint an independent conflict free review board to conduct an independent summary of the facts to determine whether or not the record before the court is true and correct, that the Defendant(s) knowingly presented false and misleading information **only** to the foreperson of the grand jury, privately had the foreperson sign a pre-draft indictment and simply docketed that indictment with the court for proceedings, Plaintiff asks that the review board include members with a more than average knowledge of the law, such as Senators, Attorneys and Law Professors ect.

## CLAIMS FOR RELIEF

1) The actions of the Defendant(s) and each of them, to arbitrarily and capriciously withhold the records requested by Plaintiff under the Freedom of Information and Privacy Act, constitutes violations of the FOIA/PA Act, and Plaintiff's First and Fifth Amendment right to the United States Constitution.

2) The actions of the Defendant(s) and each of them, to threaten Plaintiff with retaliation, that if he did not testify against his kidnappers (Johnson and Blake) he will be indicted constitutes violations of the Code of Profession Conducts, Plaintiff's rights under the First and Fifth Amendment to the United States Constitution, and violations of criminal law **Title 18 U.S.C. § 241-242 et seq.**

3) The actions of the Defendant(s) and each of them, to retaliate against Plaintiff (the victim) by knowingly and willfully eliciting false and misleading information from his kidnappers, and using said information to punish Plaintiff (the victim) constitute a violation of his rights under the First, Fifth, Sixth and Eight Amendment to the United States Constitution, the Code of Professional Conduct, and **Title 18 U.S.C. § 1001; § 241-242 et seq.**

4) The actions of the Defendant(s) and each of them, to knowingly and willfully maintain false and misleading information within their system of records to punish Plaintiff constitute a violation of his right under the Privacy Act, and violation of his rights under the First, Fifth, Sixth and Eight Amendment to the United States Constitution.

5) The actions of the Defendant(s) and each of them, to knowingly and willfully fail to correct false and misleading information been maintained within their system of record after receiving notice of objections constitute a violation of the Privacy ACt.

6) The actions of the Defendant(s) and each of them, to subject Plaintiff to adverse determinations and rulings, irreparable harm, pain and suffering, by knowingly and willfully maintaining false and misleading information within their system of records constitutes a violation of the Privacy Act, and Plaintiff's rights under the First, Fifth, Sixth and Eight Amendment to the United States Constitution.

7) The actions of the Defendant(s) and each of them, to knowingly and willfully retaliate against Plaintiff (the victim) by altering his open court tape recorded proceedings constitutes violations of **Title 18 U.S.C. § 1506** (relating to the alteration of court records or proceedings) **§ 241** and **241** (relating to conspiracy to intimidate, and the deprivation of Constitutional right First, Fifth, Sixth and Eight Amendments); and violations of the **Fed.R.Crim.P. Rule 6(c) and (f).**

8) The actions of the Defendant(s) and each of them, to fail to conduct an investigation into Plaintiff's complaint constitutes violations of the Administrative Procedural Act, **Title 5 U.S.C. 701-702 et seq.** and Plaintiff's rights under the First, Fifth, and Sixth Amendment to the United States constitution, **not** limiting violation of the Code of Federal Regulations [CFR] et seq.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff request that the Court **GRANT** the following relief:

A. Issue a declaratory judgment stating that:

1) The Defendant(s) failure to release the records requested by Plaintiff under the Freedom of Information Act, constitute a violation of Plaintiff's right under the FOIA/PA Act.

2) The Defendant(s) and each of them, to threaten Plaintiff (the victim) that if he did not testify against his Kidnappers Johnson and Blake he will be indicted constitute violations of Plaintiff's rights under the First, Fifth, Sixth and Eight Amendment to the United States Constitution.

3) The Defendant(s) and each of them, to knowingly and willfully elicit false and misleading from Plaintiff's kidnappers (Johnson and Blake) to retaliate against him constitute violations of **Title 18 U.S.C. § 1001; § 241 and § 242 et seq.**

4) The Defendant(s) and each of them, to knowingly and willfully retaliate against Plaintiff by using the false and misleading information elicited from the kidnappers to punish Plaintiff constitute violations of **Title 18 U.S.C. § 241; § 242 and 1001 et seq.** and violated Plaintiff's right under the First, Fifth, Sixth and Eight Amendment to the United States Constitution.

5) The Defendant(s) and each of them, to knowingly and willfully alter Plaintiff's open court tape recorded proceedings constitute violation of **Title 18 U.S.C. § 1506; Fed.R.Crim.P. Rule 6(f)**, and Plaintiff's rights under the First, Fifth, Sixth and Eight Amendment to the United states Constitution.

6) The Defendant(s) and each of them, to knowingly and willfully elicit false and misleading information, enter said information in their system of records, and neglect Plaintiff's request to correct said information constitute violations of Plaintiff rights under the Privacy Act, his First, Fifth, Sixth and Eight Amendment to the United States Constitution.

7) The Defendant(s) and each of them, to subject Plaintiff to irreparable harm, pain, and continuing suffering in retaliation of him not testifying constitute violation of his rights under the First, Fifth, Sixth and Eight Amendment to the United States Constitution.

8) The failure of the Defendant(s) the Department of Justice to conduct an investigation into the allegations set-forth in Plaintiff's complaint filed on or about November 15, 2005, constitute violations of the Administrative Procedural Act **Title 5 U.S.C. § 701-702 et seq**, and thus, the Defendant(s) failed to discover:

a. That individual officials did, exploit their respectable office within the government as a vehicle to discriminate against Plaintiff based on his race and ethic background.

b. That officials did, use their respectable office within the government as a vehicle to commit fraud by way of intimidation.

c. That officials did use their respectable office within the government as a vehicle to obstruct justice, and to violate criminal law **Title 18 U.S.C. § 1001, § 241 and § 242**.

d. That officials did knowingly and willfully submit false and misleading information to authorities for the purpose of retaliating against Plaintiff.

e. That as to the forgoing date August 8th, 2005, the false information is been used by officials to deny Plaintiff of his rights protected under the First, Fifth, Sixth and Eight Amendment to the United States Constitution.

f. That the false and misleading information Defendant(s) elicited from Plaintiff's kidnappers (Hugh Johnson and Osbourn Blake) to retaliate against Plaintiff can be identified in written documents Defendant(s) submitted to authorities, and that the Plaintiff did

-16-

object to the information to aforemention identifiable information been incorrect; **all information been maintained in Defendant(s) system of records asserting that** (1) The Plaintiff bought and/or owned the truck and trailer picked up in Orlando or used by Hugh Johnson and Osbourn Blake....(2) That the Plaintiff fronted money to his Kidnappers...(3) That the Plaintiff received marijuana from his kidnappers...(4) That Plaintiff did not suffer from PTSD as a result of his kidnapping.... (5) That a grand jury returned an indictment in open court....(6) That Plaintiff failed to report his kidnapping to the Orlando Police et seq.,

g. That all the aboved mention assertions (1-6) are identifiable false and misleading information been maintained within Defendant(s) system of records in violation of the Privacy Act.

B. Issue injunction ordering Defendant(s) and each of them to:

1) Immediately release to Plaintiff the documents requested under the FOIA/PA Act.

2) Immediately arrange to expunge all information elicited from Plaintiff's kidnappers been used to deny his rights under the United States Constitution First, Fifth and Sixth Amendments.

3) Immediately arrange to expunge all false and misleading identifiable information on records relating to Plaintiff that constitute violations of criminal law and Federal Law.

4) Upon **NOTICE** immediately divest his/or her self's from any interest, conspiracy, and or criminal enterprise relating to punishing Plaintiff for the free exercise of his rights secured under the United States Constitution.

—17—

5) Immediately refrain from any present or future activities or retaliation against Plaintiff; to include but not limiting, refrain from using their respective office within the government as a vehicle to impose any further harm on Plaintiff or his family.

## C O N C L S I O N

In respect to the acts committed by the Defendant(s), and each of them, Plaintiff direct the Defendant(s) to the Constitution of the United States which specifically address the First, Fourth, Fifth, Sixth and Eight Amendments which states that:

### AMENDMENT I

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof: or obridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievance."

### AMENDMENT IV

"The right of the people to be secure in their person, house, papers, and effects, against unreasonable searches and seizure, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized."

### AMENDMENT V

"non shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law."

### AMENDMENT VIII

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

**WHEREFORE,** the Plaintiff respectfully submits his Preliminary Complaint For Declartory And Injunctive Relief to this Honorable Court.

Executed this 7th day of December 2005.

Respectfully Submitted

_____
Amin Jones #/88206-079
P.O. Box 1000
Leavenworth, KS 66048

## ATTESTATION

I, Amin Jones "Plaintiff" in the above entitled action, states under his oath and under the apin and perjury that the allegations set-forth in the foregoing complaint is true and correct according to the best of his knowledge, information and belief, and he believes his belief to be true.

/S/_____
Amin Jones

Plaintiff "Pro-Se"

CC: file

# CERTIFICATE OF SERVICE

I, __Amin Jones__ hereby certify that I have served a true and correct copy of the following:

PRELIMINARY COMPLAINT FOR

DECLARTORY AND INJUNCTIVE RELIEF

I also hereby swear under penalty of perjury that I placed in the Prisoners' special legal mail Depository at U.S.Penitentiary, P.O. Box 1000, Leavenworth, KS 66048.

Which is seemed filed at the time it was deliver to prison authorities for forwarding, _Houston v. Lack_ 101 L.Ed.2d 245 (1988), upon the defendant(s) and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Clerk of the Court
United States District Court
For the District of Columbia
333 Constitutional Ave., N.W.,
Washington, D.C. 20001

U.S. Department of Justice
U.S. Attorneys Office
555 Forth Street N.W.,
Washington, D.C. 20001

and deposited same in the United States Postal Mail at the United States Penitentiary,
on this: __7th__ day of: __December 2005__

/S/ _[signature]_
Amin Jones # 88206-079
P.O. Box 1000
Leavenworth, KS 66048