ATTACHMENTS

UNITED STATES DISTRICT COURT    )
                                )    Case No.: _____
FOR THE DISTRICT OF COLUMBIA    )
                                )

ATTACHMENT "A"....is attached hereto, and is identified as an FOIA/PA Act Response/Appeal #03-2895.

ATTACHMENT "B"....is attached hereto, and is identified as a Police Report from the Orlando Police Department.

ATTACHMENT "C"....is attached hereto, and is identified as a documented statement made by an official transcript page 53.

ATTACHMENT "D"....is attached hereto, and is identified as a documented event between officials and the owner of the trailer Johnson and Blake used.

ATTACHMENT "E"....is attached hereto, and is identified as page one of a Docket Proceedings.

ATTACHMENT "F"....is attached hereto, and is identified as a letter filed by a government official pursuant to sellers after that official reviewed the above listed document and identified the errors.

ATTACHMENT "G"....is attached hereto, and is identified as a copy of the complaint submitted to the United States Department of Justice.

The above listed document was obtained through the FOIA/PA Act, the Plaintiff submits the listed documents to the Court in good-faith an in order to show the Court, the showing necessary to asses the merit of Plaintiff's Preliminary Complaint.

Respectfully Submitted

_____
Amin Jones #/88206-079
Plaintiff "Pro-Se"



U.S. Department of Justice

ATTACHMENT "A"

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

DEC  8 2003

Requester: __Amin Jones__         Request Number: __03-2895__

Subject of Request: __Self / Middle District of Florida__

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [   ] partial [ X ] full denial.

    Enclosed please find:

_____ page(s) are being released in full (RIF);

_____ page(s) are being released in part (RIP);

_____ page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

    In addition, this office is withholding approximately __13__ page(s) of grand jury material which is retained in the District.

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552

| | | | |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | |
| [ ] (b)(2) | [X] (b)(5) | [X] (b)(7)(C) | |
| [X] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | |
| Rule 6(e) | [X] (b)(7)(A) | [ ] (b)(7)(E) | |
| FRCrP | | [ ] (b)(7)(F) | |

Section 552a

[X] (j)(2)
[ ] (k)(2)
[ ] (k)(5)
[ ] _____

(Page 1 of 2)

Form No. 021 - 11/02

[ ]    A review of the material revealed documents which:

[ ]    _____ Page(s) originated with another government component. These records were referred to the following component(s) listed for review and direct response to you: _____ _____.

[ X ]   There are public records of approximately __1200__ pages which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[ X ]   See additional information attached.

[ ]    A $_____ copying, $_____ search, and/or $_____ review fee is being assessed for the processing of your request. Please send a certified check or money order for $_____, payable to the Treasury of the United States, within thirty (30) days. Payment should be mailed to the Freedom of Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300, Washington, D.C. 20530.

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

> Office of Information and Privacy
> United States Department of Justice
> Flag Building, Suite 570
> Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 2 of 2)
Form No. 021 - 11/02


# CITY OF ORLANDO

ATTACHMENT "B"

August 19, 2003

Mr. Amin Jones
# 88206-089
U.S.P. Beaumont
P.O. Box 26030
Beaumont, Texas 77720-6030

RE: Public Records Request

Dear Mr. Jones:

Enclosed are all the documents requested that are in the possession of the records department of the Orlando Police Department. The social security numbers on the documents have been redacted pursuant to Fla. Stat. 119.072. This request was produced free of charge as a one-time courtesy.

If you believe there are other documents within our possession that are responsive to your request, please contact me immediately at the phone number or address listed below.

Sincerely,

Laura Ballard
Paralegal

Enclosures

```
                                            Date Printed:   6/22/97
         ORLANDO POLICE DEPARTMENT                  Page:        1

xtortion                                    Case No: 97-222840

rimary Victim:  JONE,AMIN,D,

ate/Time Reported:   6/20/97 13:39 Hrs.     Dispatch Incident Type:
ate/Time Occurred:   6/13/97 12:00 Hrs.     TRTS/ASTAC
ate/Time Between :   6/20/97 13:39 Hrs.     Unit No:  238
ocation Occurred : 2137 W COLONIAL DR
ross Street   . . :
rid: GRID#-1169     Sub-Grid: GRID 1169C           District: D-35


eporting Officer : 4185   EVERETT,ROBBIE,E,
rimary Unit Assigned to Investigate: Robbery   Approving Ofcr:
cene Processed by:                                Event Log NO
ssigned Investigators:          Special Circumstance:

tat|___| Disp|___| Date|__/__| Invt|____| Asmt Type|___| Date|__/__|
ase Status: FW INV REV  Disposition:              Disp. Date:
-------------------------------------------------------------------

Distribution
FYI: DED & Homicide
```

**Case Narrative**

On 6/13/97, several Jamaican black males entered the Showtime Tire Store located at 2137 West Colonial Drive. The men were armed with firearms, and demanded victim Jone allow them to bring drugs into Florida via his store. When Jone refused, the men took him into a back room, tied him up to a chair, cut his clothes off, and began shocking him with an electrical cord and a battery charger. Jone suffered several lacerations and swelling in his arms. Jone did not report the incident as the men know where his parents live and threatened to kill them if Jone went to the police. Throughout the incident, Jone did not agree to help them. The men then demanded $30,000 or they would kill him. Jone raised the money and gave it to the men, thinking this would solve the problem.

On 6/20/97, I, Officer Everett, along with members of the West Relief Dayshift Squad and Evening Central Squad responded to a robbery in progress at the Showtime Tire Store, located at 2137 West Colonial Drive. After arriving on scene, I, Officer Everett, along with Sergeant Farrar met with Jone and a witness named Cunningham.

Cunningham completed a written statement, stating at approximately 1330 hours, two black male Jamaicans came into the store, began arguing with Jone, stating if it weren't for witnesses, they would kill him right there on the spot. The two men walked out of the store with one male returning a few moments later. The male that returned placed a gun to Jone's head and said he was lucky that Cunningham was there and he should kill him right now. The suspect then pulled the trigger, but the gun did not go off. The men then fled in two vehicles; a blue Geo Prism and a silver Honda.

ORLANDO POLICE DEPARTMENT          Date Printed: 6/22/97
                                              Page:        2

rtortion                                Case No: 97-222840

iring my investigation, Jone admitted the incident was in
eference to drugs and not to an attempted robbery. Detective Ring
as notified as was members of the DED. The scene was not
rocessed as Jone told both Sergeant Farrar and I that by
ooperating would result in he and his family being killed. Jone
efused to fill out any paperwork or to have his store
hotographed.

mm/7728/062097/1555 hours/n

------------------------------------------------------------

                          PRINCIPALS

Victim . . : JONE,AMIN,D,                Phone:       302-9008
  No.  1    7207 MANDARIN DR
            ORLANDO, FL 32819            Work Phone:  481-8501

    Race : Black      Sex: Male          D.O.B: 2/21/73  Age:  24
    Hgt  :      "   Wgt:      Hair:      Eyes . . :
    Build:           Complexion:         Ethnicity:
    Dr Lic #:                       St:  Soc Sec #:
    Occupation . . .:               School . . . . . :

  Business: SHOWTIME TIRE STORE              Phone:      481-8501
            2137 W COLONIAL DR
            ORLANDO                     FL 32805

    Residence Type  : Orlando        Residence Status : Full Year
    Extent of Injury: N/A            Medical Treatment:
    Injury Type . . : NA             Injury Type . . :
    Hospital/Clinic :                Transported by . :
    Statement Type  : Verbal         Related Offenses :    1

VOR: UNK,SUSPECT,, - Acquaintan
VOR: UNK,SUSPECT,, - Acquaintan
------------------------------------------------------------
Suspect  . : UNK,SUSPECT,,
  No.  1


    Race : Black      Sex: Male          D.O.B:            Age:  20
    Hgt  :      "   Wgt:      Hair: Unknown   Eyes . . : Unknown
    Build: Hvy/Stocky  Complexion: Unknown    Ethnicity:
    Dr Lic #:                       St:  Soc Sec #:
    Occupation . . .:               School . . . . . :

    Residence Type  : N/A            Residence Status : N/A
    Extent of Injury: N/A            Medical Treatment:
    Injury Type . . : NA             Injury Type . . :
    Hospital/Clinic :                Transported by . :
    Statement Type  : None           Related Offenses :    1

1  that an Amin Jones was involved in this. The information that
2  came to the D.E.A. was that he had furnished the trailer used
3  in this load. That he had been involved in past loads and
4  specifically, a 600-pound load previously involving these same
5  individuals.
6       Notwithstanding that fact, we initially approached
7  Mr. Jones with a view to making him a witness, and his
8  response was to leave town. Disappear. And he was gone for a
9  year or better, including the time when we were working up the
10 case against Osborne Blake, Hugh Johnson and others.
11      Eventually, we turned around and developed the case
12 against Mr. Jones; at which time, charges were filed. He was
13 brought back to the Middle District of Florida and in June of
14 2000, a plea agreement was filed. A plea of guilty was
15 entered after long and agonizing discussions with the
16 Defendant.
17      He had therefore worked himself into a situation
18 where he was facing, gone from being a witness to an indicted
19 Defendant, but even at that juncture, was looking at a very
20 favorable outcome in his case. He was left out on bond and
21 his response to the favorable disposition offered to him again
22 was to abscond. And he was gone for, well, about a year and a
23 half. I believe he was picked up in January of this year out
24 in Texas and brought back to this district and now he's facing
25 a very different situation with respect to his sentencing and

ATTACHMENT "D"

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION

Page 1 of 2

| 1. Program Code | 2. Cross File | Related Files | 3. File No. GB-98-0128(TF) | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: Jeff Hoffman At: Orlando District Office | | | 6. File Title JOHNSON, Hugh C. | |
| 7. ☐ Closed  ☐ Requested Action Completed ☐ Action Requested By: | | | 8. Date Prepared 10/12/98 | |
| 9. Other Officers: | | | | |
| 10. Report Re: Intelligence Information ref 1979 Great Dane Flatbed Trailer | | | | |

## DETAILS

1. Reference is made to all previous ROI's bearing this file title.

2. On September 22, 1998, TFA Jeff Hoffman contacted Marion Graham via telephone reference to the 1979 Great Dane trailer seized on September 9, 1998. Marion Graham is the owner of Logistical Transportation, located in Jacksonville FL, who is the registered owner of the trailer. Mr. Graham stated during a previous telephone conversation with Heidi Hunter (Dyncorp/Orlando) that he owned the trailer, and was interested in what the procedure was for having the trailer returned to him. During the telephone conversation on September 22, 1998, Mr. Graham advised that he had leased the trailer to Tom Woods of Magic Transportation located in Jacksonville, and that the trailer had been stolen while being leased to Mr. Woods.

3. On September 22, 1998, Mr. Woods was contacted via telephone by TFA Hoffman. He advised that he was leasing the trailer from Logistical Transportation During the month of September, 1996. Mr. Woods stated that when he was finished with it, he was directed to park the trailer in a lot which his company was also leasing from Mr. Graham. Mr. Graham advised Mr. Woods that he would send a driver over to pick up the trailer the next morning. Mr. Graham alleged that the trailer was not in the lot where Mr. Woods had parked it, thus believing it was stolen, according to Mr. Woods.

| 11. Distribution: Division  District DIG 1  Other SARI | 12. Signature (Agent) JEFF HOFFMAN, TASK FORCE AGENT 14. Approved (Name and Title) MARK GERMAN A/GROUP SUPERVISOR | 13. Date 10-16-98 15. Date 10/16/98 |
|---|---|---|

DEA Form - 6
(Jul. 1996)

jh #52 101298
1 - Prosecutor

DEA SENSITIVE
Drug Enforcement Administration

EXHIBIT "F"

This report is the property of the Drug Enforcement Administration.
...may not be disseminated outside the agency to which loaned.

U.S. Department of Justice
Drug Enforcement Administration

| REPORT OF INVESTIGATION<br>(Continuation) | 1. File No.<br>GB-98-0128(TF) | 2. G-DEP Identifier |
|---|---|---|
| | 2. File Title<br>JOHNSON, Hugh C. | |
| 4.<br>Page 2 of 2 | | |
| 5. Program Code | 6. Date Prepared<br>10/12/98 | |

4. Mr. Woods, then stated that Mr. Graham filed an insurance claim with B-Wright Trucking (1-800-772-9280) for the stolen trailer. However, it does not appear through NCIC checks, that Mr. Graham ever reported the trailer stolen to the police. Mr. Woods believed that MR. Graham's insurance claim was denied, however, as of this date, TFA Hoffman has been unable to obtain any information on the insurance claim through B-Wright Trucking.

INDEXING:

1. GRAHAM, Marion
   B/M
   Owner of Logistical Transportation
   LKA: 1725 Oakhurst Avenue
        Jacksonville, Florida 32208
   P/N: 904/764-3219

2. WOODS, Tom
   Employed at Magic Transportation
   Jacksonville, Florida



DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

| NONE | ATTACHMENT "E" |
|---|---|
| **U. S. Attorneys:** | |
| Ian B. Hinshelwood<br>407/648-7632<br>[COR LD NTC]<br>U.S. Attorney's Office<br>Middle District of Florida<br>201 U.S. Courthouse<br>80 N. Hughey Ave.<br>Orlando, FL 32801<br>407/648-7500 | |

## Docket Proceedings

Click on Image icon to view the document.

| Date | Doc # | Image | Docket Entry |
|---|---|---|---|
| 01/25/00 | 1 | 📄 | INDICTMENT as to Jesus Mijes as to count 1, Fitzgerald King as to count 1, Amin Jones as to count 1. (nbl) [Entry date 01/25/00] |
| 01/25/00 | -- | | MAGISTRATE JUDGE CASE ASSIGNMENT Magistrate assigned: James G. Glazebrook (nbl) [Entry date 01/25/00] |
| 01/25/00 | 2 | 📄 | NOTICE of Estimated Length of Trial (3) days by USA as to Jesus Mijes, Fitzgerald King, Amin Jones (nbl) [Entry date 01/25/00] |
| 01/25/00 | 3 | 📄 | CERTIFICATE OF COMPLIANCE by USA as to Jesus Mijes, Fitzgerald King, Amin Jones Local Rule 1.04(c). Related case: 98-218-Cr-Orl-22C. (nbl) [Entry date 01/25/00] |
| 01/25/00 | 6 | 📄 | ARREST WARRANT issued as to Amin Jones (nbl) [Entry date 01/25/00] |
| 01/25/00 | 7 | 📄 | NOTICE regarding recusal by USA as to Jesus Mijes, Fitzgerald King, Amin Jones. No interested parties. (nbl) [Entry date 01/25/00] |
| 03/27/00 | -- | | ARREST of Amin Jones in Southern District of Texas, Houston Division (jrm) [Entry date 04/17/00] |
| 04/17/00 | 21 | 📄 | RULE 40 documents as to Amin Jones received from Southern District of Texas, Houston Division, including identity, detention hearing minutes, Waiver of Rule 40 Hearings, initial appearance, counsel determination minutes, financial affidavit, Order of Temporary Detention, CJA 20 and Agent Arrest Sheet (jrm) [Entry date 04/17/00] |



ATTACHMENT "F"

U.S. Department of Justice
Federal Bureau of Prisons

USP Beaumont

United Sates Penitentiary

P.O. Box 26035
Beaumont, TX 77720-6035

November 14, 2003

Ms. Elaine Terenzi, CUSPO
**ATTN: Duty Officer**
United States District Court
900 Timberlake Annex Building
501 East Polk Street
Tampa, Florida 33602-3945
FAX (813) 228-2752

**RE: JONES, Amin**
    Register Number: 88206-079
    Docket Number: 6:00-CR-9-ORL-19JGG
    Middle District of Florida

<u>**Sellers Request**</u>

Dear Duty Officer:

The above inmate claims an error that effects his programming and adjustment has been made. The listed inmate requests a review of his entire Presentence Report. He maintains that the entire report is erroneous. Earlier objections were made by his attorney Charles M. Greene on April 11, 2002. An Addendum to his Presentence Report was issued on April 22, 2002.

Inmate Jones' current contention is that he is the victim in this crime and again, his entire Presentence Report is erroneous.

We respectfully submit to you his claim and thank you for your response to this inquiry.

Respectfully,

R. A. McIntosh
Unit Manager

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE INSPECTOR JENERAL

ATTACHMENT "G"

COVER LETTER

AMIN JONES v. UNITED STATES DEPARTMENT OF JUSTICE

ATTN: GEORGE L. DORSETT.
      SPECIAL AGENT IN CHARGE
      SPECIAL OPERATIONS
      INVESTIGATIVE DIVISIONS

DEAR MR. DORSETT:

PLEASE FIND ENCLOSED (1) COMPLAINANT, (5) REQUEST FOR PRODUCTION OF DOCUMENTS, AND (1) POLICE REPORT.

IF YOU NEED ANY FURTHER ASSISTANCE IN THIS MATTER, PLEASE FELL FREE TO CONTACT ME AT THE BELOW ADDRESS.

RESPECTFULLY SUBMITTED

AMIN D. JONES
REG NO.: 88206-079
FCC (USP) BEAUMONT
P.O. BOX 26030
BEAUMONT, TEXAS 77720-6030

CC: FILE

CERTIFIED # 7001 1010 0004 4025 8610

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage        $2.21
Certified Fee  $2.30
Return Reciept Fee (Endorsement Required)  $1.75¢
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees  $6.26

Amin Jones
#88206-079
USP Beaumont
P.O. Box 26030
Beaumont, Tx 77720
Unit A/B

Sent To  ATTN: INVESTIGATION (OIG)
Street, Apt. No.;
or PO Box No.  950 Pennsylvania Ave, N.W.
City, State, ZIP+4  Washington, D.C. 20530