UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 1 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AMIN JONES, )
        Plaintiff, )
 )
vs. ) Civil Action No.: 06-0248
 )
UNITED STATES DEPARTMENT )
OF JUSTICE, et. al., )
        Defendant(s) )
 )

**PLAINTIFF'S EMERGENCY MOTION
FOR INJUNCTION AND RESTRAINING ORDER**

TO: THE HONORABLE JUDGE OF SAID COURT:

The Plaintiff "Amin Jones" herein proceeding **pro-se**, in the above entitle action, respectfully request this Honorable Court to enter an Order, ordering the Defendant, the Federal Bureau of Prisons (BOP), to immediately return **undelayed** legal mail service to Plaintiff for the reasons stated below:

**BACKGROUND**

1) That on February 8th, 2006, Warden Duke Terrell issued a memo advising Plaintiff that the legal/special mail depository box will be removed on Friday February 17th, 2006, and that Plaintiff will [only] be able to send out legal/special mail on Tuesday and Thursday at 11.00am. See **MEMO** Attached hereto as Ex. "A".

-1-

2) That on Tuesday February 21st, 2006, Plaintiff did attempt to deliver his legal/special mail to R&D (the mail room) for processing.

3) That the appropriate staff was unavailable to process Plaintiff legal/special mail.

4) That Plaintiff did attempt to deliver his legal mail to other staff members and his legal mail was refused. (view cam. available).

5) That the BOP has further impeded Plaintiff's access to the Court, by issues new time limitation as to the time and days Plaintiff can send out his legal/special mail.

6) That Plaintiff can [only] send out his legal/special mail on Tuesday and Thursday within the specified hour of 11.00 to 12.00am.

7) That the legal/special mail service the BOP is providing to Plaintiff is inadequate, fails to met the 24 hour delivery period assurance/specified to Plaintiff in **BOP Policy Statement § 5800.10** and thus, the BOP actions constitutes a violation of Plaintiff's First and Fifth Amendment rights protected under the United States Constitution.

### DISCUSSION

A preliminary injunction is an extraordinary and drastic remedy, for which movant carries the burden of persuasion by a clear showing. **Mazurek v. Armstrony**, 520 U.S. 968, 972 (1997); **Varicon Int'l v. OPM**, 934 F.Supp. 440, 442 (D.D.C. 1996).

To obtain a preliminary injunction, the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) the Plaintiff would be irreparably harmed if the injunction is not granted; (3) that an injunction would not substantially injury other interested parties; and (4) that the public interest would be furthered by the injunction. **Davenport v. Int'l Brotherhood of Teamsters, AFL-CIO**, 116 F.3d 356, 360 (D.C.CIr. 1999); **World Duty Free Americas, Inc., v. Summers**, 94 F.Supp. 2d 61, 64 (D.D.C. 2000).

The Plaintiff is entitled to an injunction and restraining Order because the BOP is acting contrary to its own policy and/or program statement; **See PS 5800.10 Subject Mail Management Manual, Chapter 3, pg. 5. No. 306.** which is attached hereto as **Exhibit "B"**. Also **See 28 C.F.R. 504.18 and 504.19.** (PS 5800.10 in part states "special and legal mail is afforded priority and every reasonable shall be made to assure delivery of special mail within 24 hours."

Plaintiff asserts that it is very like that he would successed on the merits of the underlying cause because the Defendant(s) and each of them actions constitute violations of the Plaintiff right protected under the First and Fifth Amendment to the United States Constitution; See **Procunier v. Martinerz**, 416 U.S 396, 40 L.Ed 2d 224, 94 S.Ct. 1800 (1974). A prisoner in not stripped of his Constitutional rights (protections) at the prison gate, but, rather he retains all the rights of an ordinary citizen except those expressly, or by necessary implication taken from him by law. Therefore Plaintiff has a Constitutional right to free and undelayed access to the Court, and in such case where the Defendant(s) violates that right, the Plaintiff has the right to request the Court restore his protected rights.

The BOP is fully cognate that Plaintiff has proceedings pending before the Court, and that, and form of delay to such proceedings will result in an injury to Plaintiff (the dismissal of his proceedings). Without doubt, the Rules governing Court proceedings set forth time limitations, both parties to that proceeding is bound by the Rules, and thus, all parties should be allowed an equal opportunity to access the Court freely and without unnecessary impediment.

An injunction and restraining Order will not injure the BOP, because the Institution where Plaintiff is incarcerated has maintained a legal/special depository box for well over one hundred (100) years, without sustaining any injury. The only party being harmed is the Plaintiff by the actions of the Defendant(s), the BOP, to remove the legal/special mail depository box.

Finally, the public interest will be furthered by the injunction and restraining order because the Institution has served the system by providing inmates with free and unimpeded access to the Court for well over one hundred (100) years, all legal matters relating to the Institution are documented as a date and time in history, it should be noted, the BOP'S actions deprives an inmate of his rights protected under the United States Constitution, the right to free access to the Court, the right to be heard, that right guarantee's that no innocent person shall go unheard.

The Plaintiff has made all the showing necessary to obtain an injunction and restraining Order against the Defendant(s), the BOP, this motion was made in good-faith in order to obtain the relief necessary to access the Court freely and without impedmiment.

## MEMORANDUM

Prisoners clearly have a constitutional protected right to access to the Courts. See **Lewis v. Casey**, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). (citing **Bounds v. Smith**, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Interference with a prisoner's right to access to the Courts, such as a delay, may result in a Constitutional deprivation. **Procunier v. Martinez**, 416 U.S. 396, 40 L.Ed. 224, 94 S.Ct. 1800 (1974); A prisoner is not stripped of his Constitutional rights (protections) at the prison gate, but, rather he retains all the rights of an ordinary citizen except those expressly, or by necessary implication taken from him by the law. **Brown v. Nix**, 33 F.3d 951 (1994).

## RELIEF

**A)** Issue and injunction **ORDERING** the Defendant, United States Penitentiary, Post Office Box 1300, Leavenworth, Kansas 66048, ATTN: Warden Duke Terrell, Mrs. Mckee, and Mrs. Culberton, **to:**

1) Immediately arrange to return the legal/special mail depository box.

2) Immediately cease and desist from any act related to depriving the Plaintiff of equal and undelayed access to the Court.

3) Immediately arrange to have the Administration issue a written MEMO advising the inmates and the Court of past and/or present delays in the legal/special service was caused by their actions.

/S/ Amin Jones, Pro-Se

-5-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Emergency Motion for Injunction and Restraining Order was mailed postage prepaid to Defendant(s): and

United States District Court
For The District Of Columbia
Office of the Clerk
333 Constitution Ave., N.W.,
Washington, D.C. 20001

United States Department of Justice
Federal Bureau of Prisons
320 First Street, N.W.,
Washington, D.C. 20534

United States Department of Justice
Federal Bureau of Prisons
P.O. Box 1300
Leavenworth, KS 66048

United States Attorneys Office
555 Forth Street N.W.,
Washington, D.C. 20001

On this 7th day of March 2006.

/S/ __AMIN JONES__
Amin Jones
Reg No.: 88206-079
U.S. Penitentiary
P.O. Box 1000
Leavenworth, KS 66048



**U.S. Department of Justice**
Federal Bureau of Prisons

United States Penitentiary

---

Office of the Warden                    Leavenworth, KS 66048

February 8, 2006

MEMORANDUM FOR   INMATE POPULATION

FROM:            Duke Terrell
                 Warden

SUBJECT:         **Legal/Special Mail Procedures**

Effective February 21, 2006, the following procedures will be followed.

All legal/special mail must be taken to the Mail Room open house, which is held in R&D, on Tuesdays and Thursdays beginning at 11:00 am. You will be allowed to take your legal/special mail, to your work site, on these days. You must present your commissary card along with the mail for proper identification. There will no longer be a mail depository for legal/special mail. The mail depository will be removed on Friday, February 17, 2006.

Inmates in the Special Housing Unit will present their legal/special mail along with their commissary card to their respective unit team for delivery to R&D.



EX "A"

EX. B



U.S. Department of Justice
Federal Bureau of Prisons

# Program Statement

OPI: CPD
NUMBER: 5800.10
DATE: November 3, 1995
SUBJECT: Mail Management Manual

1. **PURPOSE AND SCOPE.** To implement procedures for processing all official and inmate mail as expeditiously and economically as possible in accordance with this Manual.

Effective January 1, 1995, the U.S. Postal Service (USPS) mandated that all government agencies use "Direct Accountability" methods which require direct payment of postage through the use of postage meters, business reply mail, or stamps, and eliminates the "penalty indicia" currently used for official mail.

2. **PROGRAM OBJECTIVES.** The expected results of this program are:

   a. All official and inmate mail will be processed expeditiously and efficiently.

   b. All outgoing official mail will be processed using Direct Accountability methods.

3. **DIRECTIVES AFFECTED**

   a. Directives Rescinded

      PS 5800.06    Mail Management Manual (6/1/91)

   b. Directives Referenced

      PS 1320.03    Claims Under the Federal Tort Claims Act (1/4/93)
      PS 2000.02    Accounting Management Manual (10/15/86)
      PS 5265.10    Correspondence (12/18/97)
      PS 5266.07    Publications, Incoming (11/1/96)
      PS 5580.05    Inmate Personal Property (9/30/96)

PS 5800.10
CN-02 8/19/98
Chapter 3, Page 5

The Bureau has prepared an instruction sheet, BP-493 (BP-S493) for an inmate to include with correspondence sent by the inmate to the attorney representing that inmate. This instruction sheet advises the attorney of the required procedures for incoming attorney-client correspondence to be afforded special mail privileges. Specifically, the attorney must be adequately identified on the envelope as an attorney and the envelope must be marked "Special Mail - Open Only in the Presence of the Inmate," or with similar language clearly indicating that
particular item of correspondence qualifies as special mail and the attorney is requesting the correspondence be opened only in the inmate's presence. Inmate Systems Managers shall ensure that copies of the instruction sheet for special mail handling of incoming attorney-client correspondence are provided as admission and orientation hand-outs and are placed in inmate housing areas, attorney visiting rooms, and other locations accessible to inmates.

The use of the title "Esquire" without additional indication of the sender's occupation does not establish the bearer as an attorney or legal aid supervisor. Mail from individuals using the title "Esquire" as the exclusive identification of their status shall not be handled as special mail, even if the envelope contains some special mail markings. However, use of the title "Esquire" after the sender's name, in addition to the same name being included in the return address of the law office, does sufficiently identify the sender as an attorney. Alternatively, the use of the term "Esquire" after the sender's name, in addition to some notation on the envelope that the sender is an attorney, i.e., Attorney-Client Communication, is also sufficient identification.

  Other Mail. The Warden may treat incoming mail that does not meet all of the requirements for special mail handling in the same fashion as special mail, including opening it in the inmate's presence and inspecting it only for contraband. It is recommended the institution supplement outline local criteria used to identify incoming special mail.

306. **IN/OUT PROCESSING REQUIREMENTS FOR SPECIAL AND LEGAL MAIL**

Inmate correspondence shall ordinarily be processed and delivered within 24 hours. Special and legal mail is afforded priority and every reasonable effort shall be made to assure delivery of special mail within 24 hours. Delivery time is essential in the filing of court documents or other legal papers, therefore, mail room staff, as well as staff making the actual delivery to the

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMIN JONES,<br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT<br>OF JUSTICE, et. al.,<br>    Defendant(s) | Civil Action No.: __06-0248__ |

### AFFIDAVIT

I, Amin Jones, being duly sworn according to the law declares the following:

1) I am the Plaintiff, proceeding **pro-se** in the above action number.

2) I prepared, filed and am familiar with the foregoing Motion and Affidavit in support of said Motion.

3) The actions of the Defendant, the BOP, to remove the legal/special mail depository, and limit Plaintiff to [only] one hour, two days per week to send out legal/special mail is impeding his access to the Court, and other legal entaties.

4) That the actions of the Defendant, the BOP, violates Plaintiff's First and Fifth Amendment rights under the United States Constitution.

I, Amin jones, pursuant to the provision of **28 U.S.C. § 1746** declares, under penalty of perjury, that the foregoing is true and correct.

**Executed this 7th day of March 2006.**

/S/ _____
Amin Jones, Pro-Se