UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMIN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0248 (PLF) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, et. al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT BUREAU OF PRISON'S OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION FOR INJUNCTION AND RESTRAINING ORDER**

Defendant Bureau of Prisons ("BOP"), by and through counsel, hereby files its opposition to plaintiff Amin Jones' "Emergency Motion for Injunction and Restraining Order" ("Emergency Motion").

Mr. Jones has filed a four count complaint in this Court under a variety of statutes, including one count challenging a failure to receive requested records under the Freedom of Information Act/Privacy Act, and three counts that appear to be legal challenges arising out of his criminal conviction. Mr. Jones' emergency motion does not concern the merits of his lawsuit but rather raises matters concerning the handling of legal/special mail in the BOP facility in which he is currently incarcerated. Specifically, Mr. Jones seeks court relief related to a February 8, 2006 Memorandum issued by the warden at the United States Penitentiary, Leavenworth, Kansas. Mr. Jones claims that the announced procedures, under which legal/special mail was to be collected only on Tuesdays and Thursdays, violates his right of access to the courts under the First and Fifth Amendments of the Constitution. Emergency Motion at 1-4; id. at Complaint

Exhibit A.

As explained in the attached declaration of Cynthia Ashman, BOP has, on a nationwide basis, implemented new procedures in response to significant and specific security concerns related to the general public and recipients of legal/special mail, including the courts. These procedures include the x-raying of legal/special mail, removal of legal/special mail depositories, requiring inmates to provide their legal/special mail directly to a staff member, and requiring the inmates to show appropriate identification. See Declaration of Cynthia Ashman ("Ashman Dec.") at ¶ 4. These security concerns stemmed from significant and specific intelligence pertaining to the inmate populations' potential misuse of the legal/special mail process, and sending potentially lethal items, such mail bombs, through the legal/special mail. See id.

With respect to USP Leavenworth's directive that legal/special mail would only be collected on Tuesdays and Thursdays, that directive was revised as of March 13, 2006, and inmates are now permitted to mail their legal/special mail items Mondays through Fridays. See id. at ¶ 6. The open house times for these days are from 11:00 a.m. to 12:00 noon, where inmates can bring their legal/special mail to the mail room to be mailed out. Id. Inmates are also permitted to bring their legal/special mail with them to their work sites in order to help accommodate the inmate population with these open house time frames. Id. As well, inmates who cannot physically come to the mail room (i.e. are housed in the Special Housing Unit) are permitted to provide their legal/special mail to their unit team members for delivery to the mail room. Id. The inmate population was notified of the expanded days for USP Leavenworth's legal/special mail procedures on March 10, 2006. Id.

The special mail collection process is not significantly different from the mail depository

process. See id. at ¶ 6. While inmates had greater access in terms of times when they could drop mail into the depository, the actual legal/special mail was only collected by mail room staff from this depository once a day, Mondays through Fridays. Id. Legal/special mail is only sent out to the local post office Monday through Fridays. As such, Mr. Jones' ability and access to mail out legal/special mail has not been altered significantly. Id.

Finally, it should be noted that plaintiff is not bringing a separate challenge to the alteration of the mail policy, but is only raising the policy insofar as it might hypothetically impact his ability to pursue his claims in Jones v. Department of Justice, Civ. A. No. 06-0248 (PLF). Since Mr. Jones is now able to provide his special/legal mail Mondays through Fridays, there is no unreasonable impediment to his access to the Courts. Moreover, if there are occasional problems with either the receipt or delivery of mail because Ms. Jones is incarcerated, that would likely satisfy the requirement of "good cause" for extension of deadlines as anticipated by Rule 6 of the Federal Rules of Civil Procedure.

For these reasons, BOP requests that plaintiff's Emergency Motion be denied. A proposed order is included.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

|  | /s/ |
|---|---|
|  | PETER D. BLUMBERG, Bar # 463247 |
|  | Assistant United States Attorney |
|  | United States Attorneys Office |
|  | Judiciary Center Building |
|  | 555 4th Street, N.W., 10th Floor |
|  | Washington, D.C. 20530 |
|  | (202) 514-7157 |
|  |  |
|  | Attorneys for Defendants |
| Dated: March 29, 2006 |  |

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on March 29, 2006, I served a copy of the foregoing **Opposition to Plaintiff's Emergency Motion** by first class mail, postage pre-paid, on the following:

Amin Jones, plaintiff pro se
R88206-079
Leavenworth United States Penitentiary
P.O. Box 1000
Leavenworth, KS 66048


                                      _____/s/_____
                                      Peter D. Blumberg
                                      Assistant United States Attorney