**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **AMIN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-0248 (PLF)** |
| | ) | |
| **UNITED STATES DEPARTMENT** | ) | |
| **OF JUSTICE , et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

_____

**DEFENDANTS' SECOND MOTION FOR ENLARGEMENT OF TIME**
**TO ANSWER AND MOTION FOR ESTABLISHMENT OF BRIEFING SCHEDULE**

Defendants United States Department of Justice, et al, hereby move for an enlargement of

time to answer, move, or otherwise respond to the Complaint, through and including June 9,

2006, and further request that the Court establish a dispositive motions briefing schedule in this

matter.

1.  Plaintiff Amin Jones has filed a four count complaint.  Count 1 of the Complaint is

brought under the Freedom of Information Act in which plaintiff seeks records concerning

himself from the United States Attorney's Office for the Middle District of Florida.  Count 2

appears to be a Privacy Act claim, in which plaintiff claims that defendants are maintaining false

and misleading information about him.  Counts 3 and 4 (and certain allegations within Count 2)

appear to be challenges to aspects of Mr. Jones' criminal case, including claims that court records

were altered; that false and misleading information was elicited from his "kidnappers"; and that

he was unlawfully interrogated.

2.  Given the disparate nature of these claims, and the fact that they involve different

components of the Department of Justice, defendants need some additional time to prepare an

answer to the Complaint, and requests an extension of time through and including June 9, 2006

to file an answer.

3.  In addition, defendants request that the Court establish a schedule for briefing of

dispositive motions, with defendants' brief due August 31, 2006.  The reasons for the August 31

date are as follows:

a.  Plaintiff made his Freedom of Information Act request in 2003.  At that time, the
Executive Office of United States Attorneys ("EOUSA") denied his request in full, on the
basis of Exemption 7(A) (ongoing law enforcement proceedings).  This exemption was
invoked because the criminal proceedings against Mr. Jones had not reached their
conclusion, and because certain people associated with the criminal matter were fugitives
at that time.

b.  In reviewing this matter upon receipt of plaintiff's Complaint (which was filed
some three years after he sent his FOIA request) EOUSA has ascertained that the
circumstances set forth in the previous paragraph no longer exist; consequently,
the records now need to be reprocessed.  EOUSA estimates that the reprocessing
should take 60 days.

c.  For these reasons, defendants request that the dispositive motion date be set for
August 31, 2006, which should provide sufficient time for re-processing the
documents and preparing a Vaughn index supporting any claims of exemption.

4.  Though the need to re-process the documents responsive to plaintiff's FOIA request

does not directly impact upon the Privacy Act and other claims, defendants believe that this

matter may be most efficiently adjudicated by the filing of a single dispositive motion on all

claims, rather than having separate rounds of briefing, first on Counts 2-4 and then on Count 1

after the reprocessing is complete.

5.  For these reasons, defendants request that the following schedule be established in this

matter:

Answer to Complaint:                              June 9, 2006

Defendants' Motion for Summary Judgment:          August 31, 2006

Plaintiff's Opposition:                                        September 28, 2006

Defendants' Reply:                                            October 19, 2006

6.  Granting this motion will not require the alteration of pre-trial or trial dates or any in court proceedings.

7. Plaintiff is currently incarcerated; consequently, defendants have not sought to reach him to ascertain his position on the relief requested.[1]

For these reasons, defendants request that the Court grant their Motion for Enlargement of Time Within Which to Answer, and for the Establishment of a Briefing Schedule.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____/s/_____
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7157
Attorneys for Defendants

_____

[1]Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel.*" It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties.  This practice is informed by, and consistent with, Local Civil Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements.  Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference.  LCvR 16.3(a) (emphasis added).

<u>**CERTIFICATE OF SERVICE**</u>

       I HEREBY CERTIFY that, on May 11, 2006, I served a copy of the foregoing **Motion for Enlargement of Time and for Establishment of Briefing Schedule** by first class mail, postage pre-paid, on the following:

Amin Jones, plaintiff <u>pro se</u>
R88206-079
Leavenworth United States Penitentiary
Federal Correction Center
P.O. Box 1000
Leavenworth, KS 66048

                                       _____/s/_____
                                       Peter D. Blumberg
                                       Assistant United States Attorney