UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMIN JONES, )<br>)<br>        Plaintiff, )<br>)<br>    v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE , et. al., )<br>)<br>        Defendants. )<br> ) | Civil Action No. 06-0248 (PLF) |

**DEFENDANTS' MOTION FOR AN ORDER TO SHOW CAUSE AND
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants United States Department of Justice, et al, hereby move for the issuance of an order to show cause as to why this matter should not be dismissed for failure to provide notice of a change of address as required under Local Rule 11.1. Defendants further request that their obligation to file a dispositive motion be stayed until an updated address is provided by plaintiff.

**I.      FACTUAL AND PROCEDURAL HISTORY**

In this matter, plaintiff Amin Jones has filed a Complaint seeking declaratory and injunctive Relief. The Complaint is far from a model of pleading clarity, but Mr. Jones' claims appear to be centered around an assertion that rather than being a perpetrator with respect to the offenses for which he was convicted and incarcerated, he was a victim. He contends that he was kidnaped by others involved in the crime and his participation in the charged offenses was actually involuntary. See generally Complaint. The Complaint references both a Freedom of Information Act ("FOIA") request directed to the United States Attorney's Office for the Middle District of Florida (the judicial district in which he was convicted), as well as a Sellers [Sellers v.

Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992)] request, seeking amending of his pre-sentence report to reflect that he was a kidnaping victim. Liberally construing plaintiff's Complaint as required under Haines v. Kerner, 404 U.S. 519, 521 (1972) defendants have construed it to make claims under both the FOIA, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a.

At the time the Complaint was filed, Mr. Jones was incarcerated in the United States Penitentiary in Leavenworth, Kansas. In or around May 9, 2006, Mr. Jones was released from federal custody, and transferred to a state facility in Houston, Texas.[1] See Inmate Profile, Amin Jones (Exhibit 1) (confirming release from custody); USDC PACER Dkt. No. 23 (providing an updated address to the Court).

In May 2006, defendants moved for entry of a briefing schedule, which requested summary judgment briefing following the Executive Office of United States Attorney's ("EOUSA") completion of a revised response to Mr. Jones' FOIA request. See USDC PACER Dkt. Nos. 20, 21.[2] On August 29, 2006, defendants moved for a first extension of time within which to file a Motion for Summary Judgment. See USDC PACER Dkt. No. 31. Since Mr. Jones is proceeding pro se and is not registered to receive service of defendants' motions through the Electronic Case Filing (ECF) system, defendants served the extension motion on Mr. Jones by first class United States mail.

The service copy of the extension motion was recently returned to the United States

---

[1] The address Mr. Jones provided, 1200 Baker Street, Houston, Texas, is the address for the Harris County jail.

[2] The Executive Office of United States Attorneys asserted Exemption 7(A) (ongoing or prospective law enforcement proceedings) when the request was first filed. By the time Mr. Jones filed his federal court Complaint, 7(A) was no longer applicable and the agency reprocessed the request.

Attorney's Office, undelivered, marked "RETURN TO SENDER: Released from Custody of Harris County Sheriff's Department." See Envelope, Exhibit B. As of the date of this filing, Mr. Jones' "1200 Baker Street Address" remains the address listed for him on PACER.

## II.    ARGUMENT

Local Rule 11.1 (Names and Addresses of Parties and Attorneys) requires that "[N]otice of change in address or telephone number of an attorney or a party not represented by an attorney must be filed within 10 days of the change." See LCvR 11.1. Though dismissal for non-compliance is addressed in a different part of the rule, see id., a full reading of the rule and the developed case law indicate that dismissal is an appropriate remedy for failure to timely provide updated address information. See Summers v. Moore, 1996 WL 365646 (D.D.C. June 27, 1996); Perkins v. Buckeye Federal Savings & Loan Ass'n, 1988 WL 39866 (D.D.C. April 12, 1988); Crawford v. Doe, 1987 WL 20245 (D.D.C. Nov. 6, 1987) (citing Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir.1986)); see also Hayhurst v. Calabrese, 1993 WL 558075 (D.C. Cir. Dec. 10. 1993) (failure to comply with D.C. Circuit's equivalent rule); Securities and Exchange Commission, 202 F. Supp. 3, 6 n.2 (D.D.C. 2001) (including failure to provide an up-to-date address as one among many transgressions leading to dismissal).

Dismissal of this matter is appropriate for two reasons. First, as was pointed out in Crawford, there is little point to permitting a case to continue where the opposing party's motions and the Court's orders will not be received by plaintiff. See Crawford, 1987 WL 20245 at ** 1 ("The Court will not permit a case to proceed in which the Court cannot communicate its orders to a party.").

Second, though not a habeas case, the claims in Mr. Jones' Complaint and the relief

sought appear principally oriented toward securing a speedier release from prison. See generally Complaint. Mr. Jones' FOIA request sought all records about himself from the United States Attorney's Office in the Middle District of Florida. It is not uncommon for an incarcerated individual to seek documents about himself from law enforcement agencies in order to assemble a record that would allow him to mount a challenge to his conviction and/or sentence. See, e.g., Landano v. DOJ, 956 F.2d 422, 430 (3d Cir. 1991). Similarly, Mr. Jones' request for amendment of his pre-sentence report (to reflect that his participation in the offenses for which he was convicted was due to his being kidnaped) was very likely motivated toward challenging the fact or duration of his confinement. See Complaint, Request for Relief Notably, there is no request for monetary damages in either the Complaint or the July 28, 2006 amendment. See id; see also Amended Complaint (adding additional defendants).

    While Mr. Jones' release from custody does not render this case moot or deprive the Court of subject matter jurisdiction, it does raise a question as to whether Mr. Jones maintains a continuing interest in his lawsuit. In this regard, it should be noted that Mr. Jones did update his address when being moved from the federal facility to the Texas County Jail, but has not done the same following his release from state custody. Moreover, there is no doubt that Mr. Jones is well aware of the requirements of Local Rule 11.1, having previously been warned by the Court about the obligations under the Rule. See Order of April 28, 2006, USDC PACER Dkt. No. 17.

    For these reasons, defendants request that the Court issue an to show cause, providing Mr. Jones thirty days within which to provide an up to date address. Should Mr. Jones not provide a current address within thirty days of the issuance of the Court's Order, then the matter should be dismissed.

Defendants further request that their obligation to file a dispositive motion be stayed until Mr. Jones provides an updated address. There is certainly no point in serving a dispositive motion to the "1200 Baker Street" address if it is known that the pleading will not be received. See Crawford, 1987 WL 20245 at ** 1. Further, defendants should not be required to expend the considerable resources necessary to complete the motion, accompanying declarations and assemble the exhibits thereto if the party who brought the action in the first instance no longer has an interest in pursuing the case.

## III. CONCLUSION

WHEREFORE, defendants request that the Court issue a show cause order directing plaintiff to update his address as required under Local Rule 11.1 within thirty days. A proposed order is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7157

Attorneys for Defendants

Dated: October 3, 2006

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, on October 3, 2006, I served a copy of the foregoing **Motion for an Order to Show Cause** by first class mail, postage pre-paid, on the following:

Amin Jones, plaintiff pro se
1200 Baker Street
Houston, TX 77002


                                    _____/s/_____
                                    Peter D. Blumberg
                                    Assistant United States Attorney