# Attachment B

Case 1:06-cv-00248-PLF    Document 45-4    Filed 02/22/2007    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMIN JONES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF JUSTICE, et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. 06-0248 (PLF) |

**DECLARATION OF CHARLES H. MILDNER**

I, Charles H. Mildner, hereby declare and state the following:

1. I am employed as a Unit Manager for the United States Department of Justice, Federal Bureau of Prisons (BOP), at the United States Penitentiary located in Leavenworth, Kansas (USP Leavenworth). I have been employed in this capacity since 2004. Prior to this position, I was employed as the Special Investigative Agent at USP Leavenworth for eight years. I have been employed by the agency for over 24 years. As part of my official duties as Unit Manager, myself and my staff assist the inmates on my caseload with inmate concerns, programming, and classification issues. Included in the duties with my position, is dealing with inmate requests for corrections of information in the inmate's central files. With my position, I have access to various documents related to inmates, BOP policies and regulations, and various files at USP Leavenworth.

2. I am familiar with the plaintiff, Amin Jones, federal register number 88206-079, (plaintiff) as he is an inmate previously incarcerated at USP Leavenworth. The plaintiff

*Attachment B*

was an inmate who had been assigned to my caseload while he was incarcerated.

3. I am aware the plaintiff appears to contend that the BOP relied on inaccurate information in his Presentence Investigation Report (PSR) in making decisions concerning him. Primarily the BOP relies upon the PSR in making classification decisions concerning an inmate, such as an inmate's security or custody classification level, the application of a Public Safety Factor, or other similar decisions. In response to his allegations, I provide the following.

4. The plaintiff made an allegation to BOP staff in October 2003, via an Informal Request to Staff Member, commonly referred to as a cop-out, to his unit team at the United States Penitentiary in Beaumont, Texas (USP Beaumont), that he contested aspects of his PSR. Specifically the plaintiff claimed that he was the victim of a kidnapping crime, and was not participating in the criminal activity. Attached and incorporated by reference to this declaration as Exhibit 1 is a true and accurate copy, kept in the ordinary course of business, of the October 2003 cop-out.

5. In response to the plaintiff's request and in accordance with BOP policy, in November 2003, the plaintiff's Unit Manager at USP Beaumont sent a letter to the United States Probation Office (USPO) which had completed the plaintiff's PSR. The letter sought clarification from the USPO concerning the plaintiff's allegations of erroneous information. Attached and incorporated by reference to this declaration as Exhibit 2, is a true and accurate copy, kept in the ordinary course of business of the November 2003 Unit Manager letter.

6.  The USPO in December 8, 2003, sent back a letter to the BOP indicating that the information contained in the PSR was accurate.

I declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 14th day of February, 2007.

_____
Charles H. Mildner
Unit Manager
United States Penitentiary
Leavenworth, Kansas

<u>Jones v. Department of Justice, et al.</u>
Case NO. 06-0248 (PLF)
Mildner Declaration
Exhibit 1 - October 2003 cop-out

ATT: file 7002 0860   6689 1462

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                               FEDERAL BUREAU OF PRISON

| TO: (Name and Title of Staff Member) UNIT TEAM | DATE: October 20, 2003 |
|---|---|
| FROM: Amin Jones | REGISTER NO.: 88206-079 |
| WORK ASSIGNMENT: am / yard | UNIT: A/B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action bein taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I would like my unit Team to address the following issues in writing. (1) The U.S. Probation Office acknowledged that my file/P.S.I. report contains erroneous information, this issue was presented to unit team on or about Sept. 13, 2003, and remains to be neglected. (2) My BOP century file also contains erroneous information, the use of erroneous information is depriving inmate Jones of his rights, and privileges to equal protection of the law. (3) My request for a LEGAL PHONE CALL continue to be denied with prejudice, all inmates are entitled to effective access to the Courts/Due Process.

Thank you for your assistance in this matter.

Sincerely,

1-800-342-8011
805-561-5845 ← Wrong #

(Do not write below this line)    CC: file

DISPOSITION:

Called on 10-24-03 9:35am, wrong #
Called on 10-27-03 8:50am, Toll Free, This is a referral service, what is the name of the lawyer (and his/her) phone number. As for the erroneous information, you have been given proper direction and assistance. You were Teamed on 10-24-03 and reviewed your file.

| Signature Staff Member | Date 10-27-03 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

<u>Jones v. Department of Justice, et al.</u>
Case NO. 06-0248 (PLF)
Mildner Declaration
Exhibit 2 - November 2003 Unit Manager letter



U.S. Department of Justice
Federal Bureau of Prisons

USP Beaumont

United States Penitentiary

P.O. Box 26035
Beaumont, TX 77720-6035

November 14, 2003

Ms. Elaine Terenzi, CUSPO
ATTN: Duty Officer
United States District Court
900 Timberlake Annex Building
501 East Polk Street
Tampa, Florida 33602-3945
FAX (813) 228-2752

RE: JONES, Amin
    Register Number: 88206-079
    Docket Number: 6:00-CR-9-ORL-19JGG
    Middle District of Florida

**Sellers Request**

Dear Duty Officer:

The above inmate claims an error that effects his programming and adjustment has been made. The listed inmate requests a review of his entire Presentence Report. He maintains that the entire report is erroneous. Earlier objections were made by his attorney Charles M. Greene on April 11, 2002. An Addendum to his Presentence Report was issued on April 22, 2002.

Inmate Jones' current contention is that he is the victim in this crime and again, his entire Presentence Report is erroneous.

We respectfully submit to you his claim and thank you for your response to this inquiry.

Respectfully,

R. A. McIntosh
Unit Manager