# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMIN JONES,                                    )
                                               )
              Plaintiff,                        )
                                               )
       v.                                       )        Civil Action No. 06-248 (PLF)
                                               )
U.S. DEPARTMENT OF JUSTICE, et al.,            )
                                               )
              Defendants.                       )
                                               )

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

I am an Attorney Advisor with the Executive Office for United States Attorneys

("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include

acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in

responding to requests and the litigation filed under both the Freedom of Information Act

("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the

reviewing of FOIA/PA requests for access to records located in this office and ninety-four United

States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of

correspondence related to requests, reviewing of searches conducted in response to requests,

locating of responsive records, preparing of responses thereto by the EOUSA to assure that

determinations to withhold (or to release) such responsive records are in accordance with the

provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28 C.F.R. §§16.3 et seq. and §16.40 et seq.).

As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Amin Jones. I have reviewed the complaint which this Declaration addresses.

## Chronology of Processing Plaintiff's FOIA Request

1. This declaration explains the procedures followed in responding to Plaintiff's July 6, 2003 FOIA request ("the request"). A copy of Plaintiff's request is attached as **Exhibit 1** to my declaration. This is the same request referenced by Plaintiff in Count I of, and Appendix A to, his complaint filed February 10, 2006; it is also referred to in Appendix H to Plaintiff's amended complaint filed July 28, 2006. For ease of reference, an index of the exhibits to this declaration appears on the final page hereof.

2. The Plaintiff's FOIA request sought "[a]ny file, records, or memoranda, or documents on tape computer generated or stored informatino [sic] to Amin Jones, SS# [REDACTED[1]], from 1996 to the foregoing date." Accompanying the Plaintiff's July 6, 2003 FOIA request was a "Certification of Identity" form purportedly executed under oath on March 10, 2003. **Exhibit 1.**

---

[1]  Social Security Numbers are redacted here pursuant to the Judicial Conference Privacy Policy (www.privacy.uscourts.gov), Local Rule No. LCvR 5.4(f), and proposed F.R.Civ.P. 5.2.

3. By letter dated September 11, 2003, EOUSA advised the Requester that his inquiry had been designated Request No. 03-2895 ("Subject: SELF/FLM") for purposes of processing. **Exhibit 2** (Sept. 11, 2003 acknowledgment letter).

4. As reflected by the "Subject" line of our acknowledgment letter, the Plaintiff's request was deemed to be one for any and all records pertaining to himself maintained by the United States Attorney's Office for the Middle District of Florida (USAO-FLM). That District was the only one known to have been involved in proceedings with the Requester, having been the District where he was indicted and prosecuted for drug trafficking. **Exhibit 3** (Jan. 25, 2000 indictment).

5. Given the expansive scope of Plaintiff's request for any and all records on himself, it was classified as a large or "project" request for processing purposes, and our September 11, 2003 acknowledgment letter cautioned that, unless narrowed in scope, processing could take approximately nine months:

> Your request will be placed in the order in which it was received for processing, unless it is a very large request (Project Request). Then, it will be placed in a separate group of Project Requests, which are also processed in the order received. EOUSA makes every effort to process most requests within a month (20 working days). There are some exceptions, for example, Project Requests take approximately nine months to process. *Requests for "all information about myself in criminal case files" are Project Requests. If you have made such a request, you may either write us and narrow your request . . . , or we will consider that you have agreed to a due date of nine months from the date of this letter.*

**Exhibit 2** (emphasis added).

6. On October 10, 1003, EOUSA received a response from the USAO-FLM advising that it had expended the two free hours of search time afforded to all requesters free-of-charge pursuant to the regulations at 28 CFR § 16.11(d)(3). The USAO-FLM also advised us that law

enforcement proceedings were still actively pending against the Requester and a co-defendant. As to the Requester, the District advised that he had appealed his conviction and that his conviction had been affirmed, although a mandate had not yet issued. The District also advised that one of the Requester's two co-defendants was a fugitive and remained at large.

7. Around this same time frame, Plaintiff sent two appeal letters to the Department's Office of Information & Privacy ("OIP") regarding his FOIA request to EOUSA. Although Plaintiff's correspondence to OIP does not appear in our files, we have copies of OIP's responses.[2]

8. More specifically, by letters dated November 18 and December 23, 2003, OIP responded to the Requester's correspondence, which apparently sought to inquire as to the status of Request No. 03-2895 and/or administratively appeal EOUSA's failure to process it sooner. In response, OIP advised the Requester that "EOUSA is still processing your request [and] . . . [a]lthough the Act authorizes you to treat the failure of the EOUSA to act on your request within the specified time limit as a denial thereof, . . . [o]ur function is limited to the review of those records to which access is in fact denied." **Exhibit 4** (OIP's Nov. 18 and Dec. 23, 2003 letters).

9. At the time of Plaintiff's above-referenced correspondence to OIP, the nine-month period for processing his Project Request had not yet run. Nor had Plaintiff availed himself of the opportunity to narrow his request, as invited in EOUSA's September 11, 2003 acknowledgment letter, if Plaintiff wished to receive a quicker response. _See_ **Exhibit 2.**

10. By letter dated December 8, 2003, EOUSA responded to Request No. 03-2895 with a full denial, basing its decision upon several cited FOIA and Privacy Act exemptions. **Exhibit 5.**

---

[2] According to OIP's responses, Plaintiff's letters to OIP were dated October 16 and November 13, 2006.

11. Because the Requester's criminal proceedings were still pending, EOUSA's December 8, 2003 initial non-disclosure decision (**Exhibit 5**) invoked FOIA exemption (b)(7)(A).[3]

12. EOUSA's December 8, 2003 decision (**Exhibit 5**) also invoked three other FOIA exemptions, namely:  Exemption (b)(3), Exemption (b)(5) with respect to privileged intra-governmental communications;[4] and Exemption (b)(7)(C) with respect to privacy-protected information.[5]

13. EOUSA's December 8, 2003 decision (**Exhibit 5**) also noted that non-disclosure was further required by the Privacy Act (PA), to the extent the requested records were being sought under the PA's access provisions.  In so concluding, EOUSA's December 8, 2003 initial non-disclosure decision cited Privacy Act exemption (j)(2).  5 U.S.C. § 552a(j)(2).  That statutory provision authorizes the promulgation of regulations exempting from PA disclosure records maintained by an agency performing, as its principal function, activities relating to the enforcement of criminal laws.  Pursuant to subsection (j)(2)'s delegation of authority, the Attorney General has promulgated regulations, at 28 C.F.R. §16.81(a), which expressly exempt from PA disclosure information contained in United States Attorneys' criminal case files.

---

[3] 5 U.S.C. § 552(b)(7)(A) exempts from public disclosure "information compiled for law enforcement purposes . . . to the extent that the production [thereof] . . . (A) could reasonably be expected to interfere with enforcement proceedings."

[4] 5 U.S.C. § 552(b)(5) exempts from public disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency," which has been held to include matter protected by civil discovery privileges such as the attorney-client, work product, and deliberative process privilege.

[5] 5 U.S.C. § 552(b)(7)(C) exempts from public disclosure "information compiled for law enforcement purposes . . . to the extent that the production [thereof] . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy."

Because the requested records here reside in that system of records (JUSTICE/USA-007,

Criminal Case Files) their disclosure to the Requester is not authorized under the Privacy Act.[6]

      14.  Finally, EOUSA's December 8, 2003 decision advised the Requester that publicly

filed court records were also available and could be obtained either from the clerk of court, or

from EOUSA if he wished to incur FOIA duplication fees, stating in pertinent part:

> There are public records of approximately _ 1200 _ pages which
> may be obtained from the clerk of the court or this office, upon
> specific request. If you wish to obtain a copy of these records, you
> must submit a new request. These records will be provided to you
> subject to copying fees.

**Exhibit 5** at 2. Before charging fees for duplication of public court records, EOUSA routinely

informs requesters that such records exist and can be released upon specific request, subject to

payment of applicable fees. Our policy on public court records is based on EOUSA's experience

in prior FOIA/PA cases that persons seeking information about themselves in criminal cases

typically do not wish to receive – or pay for – court records from their own proceedings (which

can be obtained from counsel or the court, if not already in their possession), but rather typically

seek to obtain internal *agency* records residing in United States Attorney's Office case files.

Consequently, before producing public records, EOUSA offered the Requester an opportunity to

obtain them directly from the court or, alternatively, from EOUSA subject to FOIA processing

fees. Plaintiff did not elect either option.

---

[6] *See* 5 U.S.C. § 552a(j)(2), authorizing regulations exempting from PA disclosure records maintained by an agency performing, as its principal function, activities relating to the enforcement of criminal laws; *accord* 28 C.F.R. § 16.81(a) ("The following systems of records are exempt from 5 U.S.C. 552a(c)(3) and (4), (d) [*i.e.,* the Privacy Act's accounting and access provisions] : . . . (4) Criminal Case Files (JUSTICE/USA–007)").

15. Rather, by letter dated December 18, 2003, Plaintiff lodged an administrative appeal with OIP (**Exhibit 6**), as our December 8, 2003 decision duly advised him he could elect to do in accordance with 28 CFR § 16.9.

16. On January 29, 2004, OIP acknowledged receipt of Plaintiff's appeal and assigned it Appeal No. 04-0837. **Exhibit 7.**

17. By letter dated May 11, 2004, OIP administratively affirmed EOUSA's December 8, 2003 non-disclosure decision stating, in pertinent part, as follows in a letter signed by former OIP Co-Director Richard L. Huff:

> After carefully considering your appeal, I have decided to affirm the EOUSA's action on your request.
>
> These records are exempt from the access provisions of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2) . . . [and] EOUSA properly withheld certain information pursuant to 5 U.S.C. § 552 (b)(7)(A). . . . The EOUSA informed you that you may obtain approximately 1200 pages of public records . . . subject to copying fees. . . . Based on a review of . . . all of the information available to me, I am denying your request for a waiver of fees. . . . If you are unwilling or unable to pay fees associated with your request, you may reformulate or narrow the scope of your request.

**Exhibit 7.**

18. During the pendency of his administrative appeal, the Requester instituted this civil action on February 10, 2006, demanding an "injunction ordering Defendant(s) . . . to . . . [i]mmediately release to Plaintiff the documents requested under the FOIA/PA Act." Complaint, at page 3, ¶ B.1.

19. Shortly after receiving a copy of the Requester's complaint, I contacted the USAO-FLM to assess the status of this matter, and EOUSA issued a memorandum dated May 11, 2006 advising the District of the pending litigation. **Exhibit 8.**

20. In response to EOUSA's litigation notice, the USAO-FLM expended another two hours of search time and forwarded to EOUSA all responsive records. The methodology employed by the District in conducting both its initial search on October 9, 2003 and its supplemental search on May 15, 2006 is reflected on FOIA Form Nos. 010, 036 and 041 (**Exhibits 9-10**) as more fully detailed below, under "Adequacy of Search."

21. Upon EOUSA's receipt of responsive records from the USAO-FLM, a paralegal specialist in our FOIA/Privacy Staff was assigned to review the District's proposed response to the request for compliance with the access and exemption provisions of the Freedom of Information and Privacy Acts and related Departmental procedures.

22. After reviewing both the District's proposed response and the paralegal specialist's analysis, I issued a letter dated June 30, 2006 advising the Requester of EOUSA's final decision in Request No. 03-2895, pursuant to which 224 pages were released-in-full ("RIF"), 5 pages were released-in-part ("RIP"), and 74 pages were withheld-in-full ("WIF") after a reasonable segregability analysis and pursuant to several cited FOIA/PA exemptions, as further described below. **Exhibit 11**.

23. Our June 30, 2006 final disclosure decision also noted that 41 pages originated with, and were being referred to, the Drug Enforcement Administration ("DEA") in accordance with the Department's FOIA referral regulations at 28 CFR § 16.4. **Exhibit 11**. Under the regulations, the originator of a document is presumed to be best able to render a disclosure decision:

> **Consultations and referrals.** When a component receives a request for a record in its possession, it shall determine whether another component . . . is better able to determine whether the record is exempt from disclosure under the FOIA . . . [and] either:
>
> (1) Respond to the request . . . after consulting with the [other] component . . . ; or (2) Refer the responsibility for responding to

> the request regarding that record to the component best able to de-
> termine whether to disclose it. . . . *Ordinarily, the component . . .*
> *that originated a record will be presumed to be best able to*
> *determine whether to disclose it.*

28 CFR § 16.4(c) (italics added); *accord* 28 CFR § 16.4(d) ("Law enforcement information").

24. As more fully discussed below, EOUSA conducted a reasonable search in response

to Plaintiff's request, all asserted exemptions were carefully evaluated and applied, and all

redacted records were thoroughly reviewed for segregability and released to the maximum extent

consistent with the applicable exemptions authorized by law. No processing fees were charged.

## EOUSA'S DISCLOSURE DETERMINATION

25. As noted above, in total the Requester received 229 pages of responsive documents

from EOUSA – of which 224 pages were released-in-full and 5 pages were released-in-part – and

74 pages were withheld-in-full. **Exhibit 11.** The Requester was also advised that public court

records could be obtained either from directly the court, or from EOUSA subject to applicable

copying fees. *Id.* All withholdings and redactions were made pursuant to Privacy Act

Exemption (j)(2) and FOIA Exemptions (b)(2),[7] (b)(5), (b)(7)(C), and (b)(3).

26. In order to demonstrate the reasonableness of EOUSA's search efforts and disclosure

decisions, the following explanation is hereby proffered, under oath, in accordance with Vaughn

v. Rosen, 484 F.2d 820 (D.D.C. 1973), *cert. denied*, 415 U.S. 977 (1974), and its progeny.

## ADEQUACY OF THE SEARCH

27. As noted, Plaintiff's July 6, 2003 request sought any and all records concerning him

from 1996 to the date of his request. **Exhibit 1.** The request was forwarded to the USAO-FLM

---

[7]  5 U.S.C. § 552(b)(2) exempts information "related solely to the internal personnel rules
and practices of an agency."

to conduct a search for responsive records because the USAO-FLM was the only District known to have been involved in proceedings with the Requester, having been the District where he was indicted and prosecuted for drug trafficking.

28. Because United States Attorneys' records are generally decentralized among over 100 offices nationwide, "SELF" requests, such as Plaintiff's, are typically forwarded to the particular USAO(s) in which proceedings involving the requester are known to have been pending. This maximizes the requester's two free hours of search time without driving up costs, while "enable[ing] Department personnel to locate [responsive records] with a reasonable amount of effort" within the meaning of 28 CFR § 16.3(b).

29. Each USAO has a designated FOIA Contact who serves as the official liaison between that District and the FOIA/Privacy Staff in EOUSA. In the USAO-FLM, the FOIA Contact is Chris Griffiths, who coordinated the search efforts in connection with Plaintiff's Request No. 03-2895.

30. The USAO-FLM's initial search, which consumed two hours, revealed that law enforcement proceedings were still pending against the Requester as of October 9, 2003, as attested to by the prosecuting Assistant United States Attorney, Bruce Hinshelwood. **Exhibit 9.** This, in turn, served as the basis for EOUSA's asserting Exemption 7(A), among various others, in its initial non-disclosure decision dated December 8, 2003. **Exhibit 5.**

31. Subsequently, after the institution of these proceedings, the USAO-FLM conducted a supplemental search on or about May 22, 2006. **Exhibit 10.** (NOTE: Due to an apparent typo-graphical error, the form reads "May 22, 2002" instead of May 22, 2006, which was the actual of fax transmission as noted in the top left corner of the document.) After another two hours of

search time, the District located and forwarded numerous records associated with the Requester to EOUSA for further processing.

32.  Following the District's search efforts, EOUSA released and withheld certain records as summarized in our final disclosure decision dated June 30, 2006.  **Exhibit 16**.  In total the Requester received 229 pages of responsive documents from EOUSA – of which 224 pages were released-in-full and 5 pages were released-in-part – and 74 pages were withheld-in-full, as further detailed below.

33.  No FOIA processing fees were charged because Departmental regulations state that the first 100 pages of documents, and the first two hours are search time, are to be provided to non-commercial requesters free of charge – and, furthermore, "[w]henever a total fee . . . is $14.00 or less for any request, no fee will be charged."  28 CFR § 16.11(d)(4).[8]  Here, the total pages released consisted of 229 pages, and, after deducting 100 free pages, that leaves 129 pages for which a duplication fee of $.10/page could be charged, for a total of $12.90, which is under the regulations' $14 threshold.  Moreover, while the District's search forms reflect that two hours were expended on or about October 9, 2003 (**Exhibit 9**), and another two hours were spent on or about May 22, 2006 (**Exhibit 10**), no search fees were assessed given the posture of the case and to minimize potential issues.

## PRIVACY ACT NON-DISCLOSURE JUSTIFICATION

34.  EOUSA processes all requests made by individuals for records pertaining to themselves under both the Privacy Act and FOIA, so as to afford the maximum disclosure authorized by law, consistent with applicable exemptions.  Criminal case files maintained by

---

[8]  *Accord* 28 CFR § 16.11(d)(3) ("Except for requesters seeking records for a commercial use," no charge is made for the first two hours of search time or the first 100 pages of copying).

U.S. Attorney's Offices are part of a Departmental Privacy Act system-of-records known as

JUSTICE/USA-007.  The Attorney General has promulgated regulations at 28 CFR §16.81

exempting USAO criminal case files from the PA's access provisions, as authorized by 5 U.S.C.

§552a(j)(2) ("subsection (j)(2)").

35.  In subsection (j)(2) of the Privacy Act, Congress expressly authorized the

promulgation of regulations exempting from PA disclosure all records maintained by an agency

performing, as its principal function, activities relating to the enforcement of criminal laws:

> The head of any agency may promulgate rules . . . to exempt any system of
> records within the agency . . . if the system of records is . . .
>
> > (2) maintained by an agency . . . which performs as its principal
> > function any activity pertaining to the enforcement of criminal laws
> > . . . and which consists of
> >
> > > (A) information compiled for the purpose of identifying individual
> > > criminal offenders and alleged offenders . . . ;
> > >
> > > (B) information compiled for the purpose of a criminal
> > > investigation . . . ; or
> > >
> > > (C) reports identifiable to an individual compiled at any stage of
> > > the process of enforcement of the criminal laws from arrest or
> > > indictment through release from supervision.

5 U.S.C. § 552a(j)(2

36.  Pursuant to this delegation of authority, the Attorney General has promulgated

regulations exempting from PA disclosure information from USAO criminal case files – PA

system-of-records JUSTICE/USA-007 – pertaining to Federal criminal law enforcement:

> **§ 16.81 Exemption of United States Attorneys Systems—limited access.**
>
> (a) The following systems of records are exempt from 5 U.S.C. 552a(c)(3)
> and (4), (d) [*i.e.,* the Privacy Act's accounting and access provisions, *inter
> alia*] : . . . (4) Criminal Case Files (JUSTICE/USA–007). . . .

28 CFR §16.81(a).

37. Here, the Requester seeks information maintained in the criminal case files of the USAO-FLM pertaining to criminal law enforcement within the meaning of 5 U.S.C. § 552a(j)(2) and 28 CFR § 16.81. Those case files contain material directly associated with the Requester's investigation and prosecution – as well as sensitive law enforcement records, recommendations, and other information such as reports of potential witnesses, informants and investigators – associated with identifiable individuals and retrievable by name or other personal identifier. Accordingly, EOUSA determined that the records from the Requester's criminal case file were not properly disclosable under the PA, and next assessed whether it was releasable under FOIA.

## FOIA NON-DISCLOSURE JUSTIFICATION

38. While releasing 224 pages to Plaintiff in full and without redaction, EOUSA found that 5 pages required partial redaction after segregating nonexempt information and that 74 pages could not be segregated for partial release but rather required withholding in full. In so concluding, we cited FOIA Exemptions 2, 3, 5 and 7(C), as next addressed in detail below.

### FOIA EXEMPTION (b)(2)

39. Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. This has been interpreted to mean internal matters of a relatively trivial nature that are not subject to a genuine and significant public interest. The information withheld was trivial in nature

### FOIA EXEMPTION (b)(5)

40. Exemption (b)(5) protects disclosure of privileged documents, which are not ordinarily available to a party in litigation. Principally, there are three types of such privileged

documents or communications protected by this exemption:  attorney work product, deliberative

process, and attorney-client materials.

41. EOUSA invoked FOIA Exemption (b)(5) in connection with the documents noted in

the accompanying Vaughn index to protect intra-governmental law enforcement information and

recommendations covered by the attorney work product and deliberative process privileges.

42.  The withheld documents reflect a prosecutor's interpretations and evaluations of the

pertinent facts and law, as well as legal opinions pertinent to the Requester's criminal case and

the Federal interest therein.   Public disclosure of these materials would chill sensitive internal

deliberations and stymie the effective enforcement of Federal criminal laws.  To disclose the

withheld material would reveal pre-decisional communications among government officials

related to litigation theories, issues, alternatives, and/or strategies.  Disclosure would jeopardize

the candid and comprehensive deliberations essential for meaningful, efficient, and effective

decision-making by Federal law enforcement agencies.  The withheld memo was thus deemed

classic Exemption (b)(5) material.

<u>FOIA EXEMPTION (b)(7)(C)</u>

43.  The USAO's recommendation memo was also deemed exempt under FOIA

Exemption (b)(7)(C), which protects from public disclosure information compiled for law

enforcement purposes, if such disclosure could reasonably be expected to constitute an

unwarranted invasion of personal privacy.  All the information at issue was clearly compiled for

law enforcement purposes – namely, to facilitate the investigation and criminal prosecution of

the Requester.

44.  Exemption (b)(7)(C) was applied to the withheld memo in an effort to protect the

identity of third-party individuals, such as potential witnesses and law enforcement personnel, the

release of which could subject such persons to an unwarranted invasion of their personal privacy. Release of such personal identifiers could result in unwanted efforts to gain further access to such persons or to personal information about them– or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences– all to their detriment.

45. Consequently, EOUSA determined that such information is exempt from disclosure under Exemption (b)(7)(C), and that there was no countervailing public interest in the release of this privacy-protected information, because its dissemination would not help explain government activities and operations or outweigh third-party individuals' privacy rights in the information withheld under this exemption. Moreover, no third-party individual provided authorization or consent to disclose such information. *Cf.* 5 U.S.C. § 552a(b) ("No agency shall disclose any record . . . contained in a system of records . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless otherwise authorized by law).

## SEGREGABILITY

46. EOUSA closely evaluated for segregability all documents that were either released-in-part or withheld-in-full. All nondisclosed information was exempt from release pursuant to one or more of the various FOIA and/or PA exemptions listed above, and EOUSA determined that no meaningful portions of the withheld documents could reasonably be released without destroying the integrity of those document as a whole. In short, no reasonably segregable non-exempt information has been withheld from the Requester.

## CONCLUSION

47. Each step in the handling of Mr. Jones' request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 1st, 2007.

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

# INDEX OF EXHIBITS

Request No. 03-2895

1. Plaintiff's July 6, 2003 FOIA request to EOUSA
2. EOUSA's Sept. 11, 2003 acknowledgment letter
3. Plaintiff's Jan. 25, 2000 indictment by USA-FLM
4. OIP's Nov. 18 and Dec. 23, 2003 status letters
5. EOUSA's Dec. 8, 2003 withholding decision
6. Plaintiff's Dec. 18, 2003 administrative appeal
7. OIP's Jan. 29, 2004 acknowledgment & May 11, 2004 decision
8. EOUSA's May 11, 2006 litigation notice
9. USA-FLM's Oct. 9, 2003 search results
10. USA-FLM's May 22, 2006[9] search results
11. EOUSA's June 30, 2006 final disclosure letter

---

[9] As noted above, due to an apparent typographical error, the form reads "May 22, 2002" instead of May 22, 2006, which was the actual of fax transmission as noted in the top left corner.

# FREEDOM OF INFORMATION ACT REQUEST

*EOUSA/FOIA/PA*
*'03 JUL 30 AM 10: 52*

|Date: **07/06/2003**

Name of Agency: EXECUTIVE OFFICE FOR UNITED STATES ATTORNEY

Address: 600 E. Street N.W.,

City/State/Zip: WASHINGTON, D.C. 20530.

Dear Sir or Madam:

This is a request under the freedom of Information Ac. as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information: Any file, records, or memoranda, or documents on tape computer generated or stored informatino to Amin Jones, SS# ███-██-███ from 1996 to the forgoing date.

NOTE: Please expedite this request.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

(Name)
AMIN JONES

88206-079        A/B
ID Number        (Unit)

CC: file

CC: Office of Government Policy.

**United States Penitentiary**
**P.O.Box 26030**
Beaumont, Texas 77720-6030

# FILE COPY
#53-2895

U.S. Department of Justice                Certification of Identity

Agency Facility _____
Control Number _____

PRIVACY ACT STATEMENT: In accordance with 28 CFR Section 16.41, personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disseminated by the Department. Failure to furnish this information will result in no action being taken on the request by the System Manager. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

FULL NAME OF REQUESTER<sup>1</sup> __AMIN D. JONES__

CURRENT ADDRESS _____U.S.P. BEAUMONT, P.O. Box 26030, BEAUMONT, TEXAS 77720-6030__

DATE OF BIRTH _____ █████████

PLACE OF BIRTH _____Grenada / Florida Ris__

EMPLOYEE IDENTIFICATION NUMBER, if applicable. _____
    (or Social Security Number)<sup>2</sup> _____██ ███

I certify that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature _____

Subscribed and sworn to before me this __10th__ day of __March__, 2003

Signature of Notary __Ann Vallee__
My Commission Expires __4-18-2004__

(Include Notary
Seal or Stamp
in this Space)

ANN M. VALLEE
Notary Public, State of Texas
My Commission Expires
April 18, 2004

ANN M. VALLEE
Notary Public, State of Texas
My Commission Expires
April 18, 2004

The bottom portion of this form to be completed by requester when he or she requests that information relating to himself or herself be released to another person.

Further, pursuant to 5 U.S.C. 552a(b) I authorize the U.S. Department of Justice or any of its component organizations to release any and all information relating to me to __Ann Jones  / Bandana__, (attorney or other designee).

Signature<sup>3</sup> _____

<sup>1</sup>Name of individual who is the subject of the record sought.



**U.S. Department** of **Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Request Number: __03-2895__                                     SEP 11

Subject:  __SELF/FLM__

Requester: __AMIN JONES__

Dear Requester:

   The Executive Office for United States Attorneys (EOUSA) has received
your Freedom of Information Act/Privacy Act (FOIA/PA) request.  It has been
assigned the above number.  <u>Please give us this number if you write about your
request</u>.  If we need additional information, we will contact you within two
weeks.

   Your request will be placed in the order in which it was received for
processing, unless it is a very large request (Project Request).  Then, it
will be placed in a separate group of Project Requests, which are also
processed in the order received.

   EOUSA makes every effort to process most requests within a month (20
working days).  There are some exceptions, for example, Project Requests take
approximately nine months to process.  Requests for "all information about
myself in criminal case files" are Project Requests.  If you have made such a
request, you may either write us and narrow your request for specific items,
or we will consider that you have agreed to a due date of nine months from the
date of this letter.

   By making a FOIA/PA request, you have agreed to pay fees up to $25, as
stated in 28 CFR §16.3(c), unless you have requested a fee waiver.  Please
note that pursuant to 28 C.F.R. 16.11, we are required to charge fees for time
used to search for the documents you have requested and for duplication of all
pages released to you.  Normally, search time is charged at a rate of $28 per
hour after the first two hours which are free, and duplication fees are $0.10
per page after the first 100 pages which are free.  <u>Please do not send any
payment at this time</u>!  If we anticipate that fees will exceed $25 or the
amount you have stated in your letter (if greater than $25), we will normally
notify you of our estimate of fees.  After we have received your agreement to
pay for the expected fees (or you have narrowed your request to reduce fees)
and we have processed your request, we will require payment for the
accumulated charges before we release documents to you.  Without such payment,
your request file will be closed without further action.

                              Sincerely,

                              *Marie A. O'Rourke*

                              Marie O'Rourke
                              Assistant Director
                              FOIA/PA Unit

COPY                                        Form No. 001 - 3/02

**2**

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

00 JAN 25 PM 1:35

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.

No. 6:00-CR-9-ORL-19C

21 U.S.C. § 846
21 U.S.C. § 853 - Forfeiture

JESUS MIJES
FITZGERALD KING
  a/k/a David Brown
  a/k/a "Younger"
AMIN JONES
  a/k/a "Trinnie"

## INDICTMENT

RECEIVED
U.S. ATTORNEY

JAN 25 2000

MIDDLE DISTRICT OF FLORIDA
ORLANDO

The Grand Jury charges:

## COUNT ONE

Beginning on a date unknown to the Grand Jury, and continuing thereafter through on or about September 9, 1998, in Orange County, Florida, in the Middle District of Florida, in the State of Texas, and elsewhere,

### JESUS MIJES
### FITZGERALD KING
### a/k/a David Brown
### a/k/a "Younger"
### and
### AMIN JONES
### a/k/a "Trinnie"

the defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed with each other and with others, both known and unknown to the Grand Jury, to possess with intent to distribute and distribute a quantity of a mixture and substance containing a detectable amount of marihuana, a controlled substance listed in Schedule I of Title 21, United States Code, Section 812, in violation of Title 21, United States Code, Section 841(a)(1).

**3**



All in violation of Title 21, United States Code, Section 846.

## FORFEITURES

1.      The allegations contained in Count One of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2.      From their engagement in the violations alleged in Count One of this Indictment, punishable by imprisonment for more than one year, the defendants

**JESUS MIJES**
**FITZGERALD KING**
**a/k/a David Brown**
**a/k/a "Younger"**
**and**
**AMIN JONES**
**a/k/a "Trinnie"**

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), all of their interest in:

a.      Property constituting and derived from any proceeds the defendants obtained, directly or indirectly, as a result of such violations;

b.      Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

3.      If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

2

e.    . has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p).

A TRUE BILL,

_Betty J. Kohrer_
Foreman

DONNA A. BUCELLA
United States Attorney

By _Bruce Hinshelwood_
    Bruce Hinshelwood
Assistant United States Attorney

By _____
    Rick L. Jancha
Managing Assistant U.S. Attorney



**U.S. Department of Justice**

EOUSA/FOIA/PA         Office of Information and Privacy

03 NOV 19  PM 4:15

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

NOV 1 8 2003

Mr. Amin Jones
Register No. 88206-079
United States Penitentiary
Post Office Box 26030
Beaumont, TX 77720

  Re: Request No. 03-2895

Dear Mr. Jones:

  This responds to your letter dated October 16, 2003, in which you sought to appeal from the failure of the Executive Office for United States Attorneys to respond to your request for access to records concerning you.

  I have notified the EOUSA of your communication. It is my understanding that the EOUSA is still processing your request. Although the Act authorizes you to treat the failure of the EOUSA to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the EOUSA. Our function is limited to the review of those records to which access is in fact denied. You may appeal again to this Office when the EOUSA completes its action on this particular request if any of the material is denied. We will then open a new appeal and review the EOUSA's substantive action on your request.

  In the event that the EOUSA still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

       Sincerely,

       Richard L. Huff
       Co-Director

RLH:PAJ:CIH

FILE CC  4



**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

DEC 23 2003

Mr. Amin Jones
Register No. 88206-079
United States Penitentiary
Post Office Box 26030
Beaumont, TX 77720

     Re:    Request No. 03-2895

Dear Mr. Jones:

    This responds to your letter dated November 13, 2003, in which you sought to appeal from the failure of the Executive Office for United States Attorneys to respond to your request for access to records concerning you.

    I have notified the EOUSA of your communication. It is my understanding that your request is still being processed by the EOUSA. Although the Freedom of Information Act authorizes you to treat the failure of the EOUSA to act on your request within the specified time limit as a denial thereof, this Office, because it lacks the personnel resources to conduct the record reviews that are necessary to make initial determinations on requests for records, cannot act until there has been an initial determination by the EOUSA. Our function is limited to the review of those records to which access is, in fact, denied. You may appeal again to this Office when the EOUSA completes its action on your request, if any of the material is denied. We will then open a new appeal and review the EOUSA's substantive action on your request.

    In the event that the EOUSA still has not responded to your request at the time you receive this letter, you may, if you choose, treat my letter as a denial of your appeal and bring action in an appropriate federal court. I hope that, in making a decision, you will give sympathetic consideration to the fact that the Department of Justice has many requests pending at this time and is making every possible, reasonable effort to process them.

                      Sincerely,

                      Richard L. Huff
                      Co-Director

RLH:PAJ:TIT

**FILE COPY**

EOUSA



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester:_____**Amin Jones**_____    Request Number:___**03-2895**_____

Subject of Request:_____**Self / Middle District of Florida**_____

Dear Requester:

Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [    ] partial [ X ] full denial.

Enclosed please find:                                                        DEC  8 2009

_____ page(s) are being released in full (RIF);
_____ page(s) are being released in part (RIP);
_____ page(s) are withheld in full (WIF). **The withheld documents were reviewed to determine if any information could be segregated for release.**

In addition, this office is withholding approximately _____**13**_____ page(s) of grand jury material which is retained in the District.

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

|     Section 552     |     |     |     Section 552a     |
|---|---|---|---|
| [   ] (b)(1) | [   ] (b)(4) | [   ] (b)(7)(B) | [ X ] (j)(2) |
| [   ] (b)(2) | ⊠ (b)(5) | ⊠ (b)(7)(C) | [   ] (k)(2) |
| ⊠ (b)(3) | [   ] (b)(6) | [   ] (b)(7)(D) | [   ] (k)(5) |
| Rule 6(e) FRCP | [ X ] (b)(7)(A) | [   ] (b)(7)(E) | [   ] _____ |
|  |  | [   ] (b)(7)(F) |  |

(Page



Form No. 021 - 11/02

[   ]   A review of the material revealed documents which:

      [   ]   _____ Page(s) originated with another government component.  These records were referred to the following component(s) listed for review and direct response to you:_____ _____.

      [ X ]   There are public records of approximately __**1200**___ pages which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

      [ X ]   See additional information attached.

      [   ]   A $_____ copying, $_____ search, and/or $_____ review fee is being assessed for the processing of your request.  Please send a certified check or money order for $_____, payable to the Treasury of the United States, within thirty (30) days.  Payment should be mailed to the Freedom of Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300, Washington, D.C.  20530.

      This is the final action this office will take concerning your request.

      You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy<br>
United States Department of Justice<br>
Flag Building, Suite 570<br>
Washington, D.C.  20530

      Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

      After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                      Sincerely,

                      Marie A. O'Rourke<br>
                      Assistant Director

Enclosure(s)

(Page 2 of 2)<br>
Form No. 021 - 11/02

recd off. 4

PA 04-0831
(A)
EOUSA
(GJ materials only)

Amin Jones App
Reg No.: 88206-079
FCC (USP) Beaumont
P.O. Box 26030
Beaumont, Tx 77720-6030

Dec. 18, 2003.

OFFICE OF INFORMATION
AND PRIVACY

JAN 1 2 2004

RECEIVED

U.S. Department of Justice

Freedom Of Information And Privacy Office
Flag Building Suite 570
Washington, D.C. 20530.

Re: Freedom Of Information and Privacy Act Appeal:
    Request Number.: 03-2895

Authority: 5 U.S.C. 301, 552; 28 U.S.C. 509, 510;
           31 U.S.C. 3801-3812;

### FREEDOM OF INFORMATION AND PRIVACY ACT APPEAL
### PURSUANT TO 28 C.F.R. 16.9, and 5 U.S.C. 702

        This is an appeal under the Freedom of Information and Privacy
Act.

On August 13, 2002, I responded to the Executive Office For The
United States Attorneys, See Attached Exhibit A.

On or about Dec. 12, 2003, I received a letter signed by Marie A.
O'Rourke, stating full denial of my request. see Attached Exhibit B.

I am writing to obtain a precise/detailed Index of documents been
withheld, and a determination of why my request has been denied.

I expect a final ruling on my appeal within 20 working days, the
time specified in the statute. **see additional information attached**.

Thank you for your consideration of the appeal.

        Sincerely,

        Amin Jones

CC: file

6

## ADDENDUM IN SUPPORT OF APPELLANT'S REQUEST

VAUGHN v. ROSEN, 484 F .2d 820 (DC Cir.), Statutory exemtion from disclosure of government documents under Freedom of Information Act, must be construed narrowly in such way as to provide maximum access with overall purpose of the Act, 5 U.S.C. § 552.

Request for waiver of fees: Pursuant to 28 C.F.R. 16.11(k), I hereby respectfully request all documents be furnished without charge or at a reduced charge, for the following reasons;

1). The United States Attorneys Office, for the Middle District of Florida, Orlando Division, has overlooked or improperly used false written statement, and continue to maintain these statement within its system of records which is causing requester to be treated unfairly and is depriving him of constitutional rights and privileges.

2). After reviewing information subject agency made available to the public, and submitted to agencies within the Department of Justice, it appears subject agency has failed to investigate and/or consider information other law enforcement agencies has documented as investigative evidence, relevant to timeliness and supports requester's standing.

3). Requester hereby state that the United States Attorneys Office, for the Middle District, Orlando Division, has within its system of records, false written statements, subject agency has used these statements and continue to maintain these records in violation of **Title 18 U.S.C. § 1001**, and/or 5 U.S.C § 552a(i)(2); Section (e)(5), (g)(1) (C).

SELLERS v. BUREAU OF PRISONS, 959 F .2d 307, Under the Privacy Act, agency must take reasonable steps to maintain accuracy of information to assure fairness to individuals and, if agency willfully or intentionally fails to maintain its records in that way, and consequently makes determination adverse to individual, it will be libel.

In this Case Rule 6(e) does not apply.

WHEREFORE, Requester Amin Jones, requester all his records be furnished to the Office of Information and Privacy for inspection.



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

JAN 29 2004

Mr. Amin Jones
Register No. 88206-079
United States Penitentiary
Post Office Box 26030
Beaumont, TX  77720-6030

   Re:  Request No. 03-2895

Dear Mr. Jones:

  This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on January 12, 2004.

  The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **04-0837**.  Please mention this number in any future correspondence to this Office regarding this matter.

  We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

     Sincerely,

     _Priscilla Jones_

     Priscilla Jones
     Administrative Specialist

**FILE COPY**

**7**




**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

MAY 1 1 2004

Mr. Amin Jones
Register No. 88206-079
United States Penitentiary            Re:   Appeal No. 04-0837
Post Office Box 26030                        Request No. 03-2895
Beaumont, TX  77720-6030                     RLH:GLB

Dear Mr. Jones:

    You appealed from the action of the Executive Office for United
States Attorneys on your request for access to records concerning
you.

    After carefully considering your appeal, I have decided to
affirm the EOUSA's action on your request.

    These records are exempt from the access provision of the
Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  <u>See</u>
28 C.F.R. § 16.81(a) (2003).  Because these records are not available
to you under the Privacy Act, your request has been reviewed under
the Freedom of Information Act in order to afford you the greatest
possible access to the records you requested.

    The EOUSA properly withheld certain information that is
protected from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  This
provision protects from disclosure records or information compiled
for law enforcement purposes, the release of which could reasonably
be expected to interfere with enforcement proceedings.  I have
determined that this information is not appropriate for discretionary
release.

    I am denying your request that we itemize and justify each item
of the information withheld.  You are not entitled to such a listing
at the administrative stage of processing FOIA requests and appeals.
<u>See</u> <u>Judicial Watch v. Clinton</u>, 880 F. Supp. 1, 10 (D.D.C. 1995).

    The EOUSA informed you that you may obtain approximately 1200
pages of public records--records filed in court by either you or the
government--from them subject to copying fees.  You may submit a new
request for this information if you wish.

**FILE COPY**

-2-

I note in your appeal letter that you request the waiver of any fees associated with your request.  The statutory standard for evaluating fee waiver requests provides that fees shall be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and it is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(iii).  In determining whether you have satisfied this statutory standard, I considered the six factors set out in the Department regulation that puts this statutory standard into effect. See 28 C.F.R. § 16.11(k) (requirements for waiver or reduction of fees) (2003).

Based on a review of your appeal and all of the information available to me, I am denying your request for a waiver of fees. While you do not appear to have an overriding commercial interest in the records, you have failed to satisfy other relevant factors.  I am unaware of any significant public understanding of government operations or activities that would result from the release of the records you have sought.  Furthermore, inasmuch as the subject of the requested records is apparently yourself, it appears that the only person who would benefit to any discernable extent from the disclosure of the records in this case is you.  Therefore, such a release would not contribute to the "public understanding." Additionally, your particular financial situation is not a basis for granting a fee waiver.  See Ely v. United States Postal Serv. 753 F.2d 163, 165 (D.C. Cir. 1985).

If you are unwilling or unable to pay fees associated with your request, you may reformulate or narrow the scope of your request in order to meet your needs at a lower cost.  You remain entitled to the first 100 pages of duplication free of charge.  See 28 C.F.R. § 16.11(d)(3) (2003).  I can only recommend that you contact the EOUSA again directly if you wish to narrow the scope of your request.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,


Richard L. Huff
Co-Director



**U.S. Department of Justice**

Executive Office for United States Attorneys

(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

Freedom of Information & Privacy Staff                    *600 E Street, NW, Suite 7300, Washington, DC 20530*

To FOIA/PA Contact:  <u>Chris Griffiths (FLM-Tampa) & Susan Legatt (FLM-Orlando)</u>        MAY 1 1 2006

District or Office:   <u>USAO/FLM (Tampa & Orlando)</u>

EOUSA Request No.:  <u>03-2895</u>

FOIA Requester:      <u>Amin Jones</u>

Subject:              <u>Self</u>

  Please note that a lawsuit has been filed regarding the above FOIA request.  The complaint (*attached*) is captioned <u>Amin Jones  v. DOJ</u>, Civil Action No. 1:06cv248-PLF (D.D.C.).

  The EOUSA staff attorney assigned to this case is: <u>Anthony J. Ciccone</u> (202-616-6757).<sup>1/</sup> The Assistant U.S. Attorney primarily responsible for handling the litigation in court is: <u>Peter Blumberg</u>, whose phone number is <u>202-514-7157</u>.

  In connection with the litigation, please do the following:

  1.  **Do not purge files.**

  2.  Notify the AUSAs who handled the primary case (and, if applicable, those responsible for any appeal) that this matter is now the subject of pending FOIA litigation.

  3.  You or others may be asked to prepare a declaration describing your search for and preservation of responsive documents after you received the FOIA request.  If so, the staff attorney assigned to this case will contact you to assist in drafting the declaration.

  Please call the assigned staff attorney at your earliest convenience to discuss this matter.

      Sincerely yours,

      William G. Stewart II
      Acting Assistant Director

Enclosure                                                        *Lit-2 (Rev. 4/6/06)*

cc: AUSA Bruce Hinshelwood (FLM-Orlando)





<sup>1/</sup> This supersedes our prior notice (attached) that the case was assigned to David Luczynski.

## Memorandum

EOUSA/FOIA/PA
03 OCT 10  AM 2:26

| | |
|---|---|
| FOR RETURN TO: | FOIA AND PRIVACY STAFF<br>600 E STREET, N.W., ROOM 7300<br>WASHINGTON, D.C. 20530-0001 |
| DATE RETURNED: | 10/9/03 |

---

**Subject**

Requester: ANN JONES
Subject: SELF/FLM
Number:    03-2895
District: FLM

**Date**

SEP 11 2003

---

**To**

FOIA/PA CONTACT:

CHRIS GRIFFITHS

**From**

Shirley Botts
EOUSA
      TEL: 202-616-0195
FAX: 202-616-6478

**\*PLEASE READ CAREFULLY – A CHANGE HAS BEEN MADE TO THIS LETTER.**

Attached is a FOIA/PA request for records thought to be maintained in your district. You must search all manual and computer systems and thoroughly complete the accompanying "Record of Search" form.

After you have expended two hours of search time, please estimate how long you believe that it will take you to complete the search, how many pages are in the file, and then call our office.

This form and any applicable attachments must be completed and returned to this office within 10 days. Incomplete forms will be returned to you for completion.

RESULT OF SEARCH:(CIRCLE WHERE APPROPRIATE)

    RECORDS: NO RESPONSIVE RECORDS/MISSING/DESTROYED. (If destroyed,
         attach proof; if missing, explain.)
    CASE STATUS: (ATTACH DOCKET SHEET; if too large select portions.)
    CLOSED CASE:(Date)
    PENDING/ANTICIPATED: INVESTIGATION/TRIAL/APPEAL/OTHER(explain
         and complete Form 007.) *fugitive*
    ADDITIONAL INFORMATION: CLASSIFIED/SEALED/CO-DEFENDANTS/
         FUGITIVES/DANGEROUS PERSON(S)(explain)

LOCATED RECORDS  COMPLETE FOR ALL CASES AND ESTIMATE VOLUME

| **COLUMN A** | **COLUMN B** |
|---|---|
| **DO NOT FORWARD ABSENT SPECIFIC REQUEST**; CHECK BOX/ESTIMATE PAGE COUNT. | **COPY AND FORWARD** WITH THIS PAGE ALL NON-PUBLIC RECORDS LISTED BELOW/ESTIMATE PAGE COUNT. |
| ☞( ✓)Court-Filed/Public Records 1200 (includes Plea Agreements/Exhibits/PSRs/Appeals courts). *Transcripts, Appellate Briefs* | ☞( )State/local/foreign law enforcement records_____ |
| | ☞( )Confidential Informant_____ |
| | ☞( )Correspondence_____ |
| ☞( )Grand Jury Records (Total) (Broken Down): | ☞( )Attorney Work Product:(ex. handwritten notes, draft pleadings, memos, legal research, etc._____ |
| ✓__GJ Transcripts:_13 pages__ | |
| ___GJ Subpoenas:_____ | ☞( )Public source material. (ex. news clippings/press releases/articles, etc.)_____ |
| ___GJ Exhibits:_____ | |
| ___GJ Attorney Notes:_____ | |
| ___GJ other(specify)_____ | |
| ☞( )SEALED RECORDS_____ | ☞( )Other federal agency (i.e., FBI, DEA,etc.)_____ |

*All interference not copied*

(Form 010 Checklist Continued)                        (Page 1 of 2)
                                                     Form No. 010 - 1/02

9

Requester: <u>AMIN JONES</u>

Request No: <u>03-2895</u>

***IN ADDITION, PLEASE SEND A COPY OF THE DOCKET SHEET, INDICTMENT OR
COMPLAINT, AND THE FILE JACKET COVER.

Checklist completed by: _Pat Nadiak_
(signature)

Date: _10/9/03_

Tel: _407 648-7500_     _Bruce Hinshelwood_

AUSA to contact about case: _Bruce Hinshelwood_

Tel: _407 648-7500_

COMMENTS: Please attempt to provide complete documents and in
chronological order. If necessary, add page noting: special
considerations, confidential informant, guidance, recommendations, etc.
anything that would assist EOUSA staff in disclosure review.
Attorneys should articulate harm in disclosing otherwise protected
materials that are legally attorney work product and/or deliberative
process since the Attorney General seeks discretionary release of such
documents.

_Appeal by Jones has been affirmed._
_awaiting mandate_

_King is still a fugitive._

_Pacer and Lions printouts are_
_attached_

_Indictment and file jacket attached._



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

## FOIA COST TRACKING FORM

EOUSA NO.: **03 - 2895**

Requester's Name: **Amin Jones**

District or EOUSA Component: **FLM**

The Freedom of Information Act allows us to charge for search time. Search time is the time spent searching for the requested record. Please keep track of the time spent searching for the records to respond to the above request.

The data provided by your office under "Actual Time Expended", will be the basis for the Annual FOIA/PA Report to Congress. Every employee in your office who has expended any time on this request should fill out the amount of time expended.

It is **essential** to return this completed form at the time the attached memorandum is returned.

### ACTUAL TIME EXPENDED

#### MINUTES/HOURS

[  ] ATTORNEY                 _____

[X] PARALEGAL                **2 hours**

[  ] OTHER                    _____

Form No. 036 - 11/02

Requester:_____    Request #:_____

## CHECKLIST FOR PENDING LAW ENFORCEMENT PROCEEDING(S)

In order to apply FOIA Exemption (b)(7)(A), we must establish a) an actual or prospective law enforcement proceeding, and b) that the records to which the exemption will apply, if disclosed in whole or in part, would likely interfere with the identified proceeding(s).

You are required to review all documents in the responsive case file(s) and categorize each (see Form 010 Columns A & B), estimating number of pages in each, and identify the interference to the proceeding(s) that possible disclosure of each category would cause. Common examples: evidence, witnesses, prospective testimony, reliance placed by the government on evidence, transactions being investigated, direction of the investigation, government strategy, confidential informants, scope and limits of the government's investigation, prospective new defendants, Jencks Act protected materials, attorney work product, methods of surveillance, and subjects of surveillance.

You are required to segregate documents that would not interfere from those that would likely interfere, forwarding them to be reviewed under the other FOIA exemptions available.

PLEASE COMPLETE THE FOLLOWING:

1.    ATTACH THE DOCKET SHEET: relevant portions may be sufficient to establish the pending status/case history where too lengthy.

2.    IDENTIFY the pending matter(s) and give date(s):

3.    IDENTIFY all co-defendants/fugitives/targets:

4.    Has the pending matter been publicly acknowledged?

5.    Does the requester know of the pending matter?

*See attached response*

ADVICE:

The key to successfully asserting this exemption rests with satisfying the above requirements. At each progressive stage of the prosecution, including appeals/2255's, the interference from possible disclosures lessens. Investigation/trial stages are the easiest to defend and cover the most materials. Co-defendants, fugitives, targets are important factors. A retrial is a typical interference circumstance, but always remember that other exemptions are also available to these same documents.

(Page 1 of 2)
Form No. 007A - 2/03

- 2 -

BE AWARE that you will likely have to justify your assertion of this exemption in a declaration filed in a district court litigation. For this reason, an attorney having knowledge of the proceeding(s) should complete this form.

I declare under penalty of perjury that I have personally reviewed all documents located in the responsive case file, have categorized each, have to the best of my ability segregated materials that would interfere with the identified law enforcement proceeding(s), and have truthfully asserted the harms that possible disclosure of those records to the carrying out of my duties such proceeding(s).

Executed on _____ *Oct 9, 2003* _____ ~~2003.~~

Typed Name: _____ Bruce Hinshelwood _____

Signature of AUSA: _____ *Bruce Hinshelwood* _____

Phone Number _____ 407 648-7500 _____

CATEGORIES/INTERFERENCE:


SEE ATTACHED.

Continuation of Checklist for Pending
Law Enforcement Proceedings:

FOIA 03-2895
Amin Jones

1.    Attach the Docket Sheet - attached

2.    Identify the pending matter and give dates:

     United States v. Jesus Mijes; Fitzgerald King; Amin Jones
     Case No. 6:00-cr-9-Orl-19-JGG

     Indictment returned 1/25/00

     Defendant Fitzgerald King remains a fugitive.

     Amin Jones - appealed - awaiting mandate.

3.    Identify all co-defendants/fugitives/targets:

     See above.

4.    Has the pending matter been publicly acknowledged:

     Yes.

5.    Does the requester know of the pending matter:

     Yes.

Memorandum



| FOR RETURN TO: | FOIA Staff, BICN Bldg.<br>600 E Street, N.W., Room 7300<br>Washington, D.C. 20530-0001 | DATE RETURNED: 5/22/02 |

| Subject: | Date: May 22, 2002 |
| Requester: __Amin Jones__ | |
| Subject: __Self__ | |
| Number: __03-2895__ | |
| District: __FLM__ | |

To:

FOIA/PA CONTACT

Chris Griffiths (Attn: Belinda Brown)

From:

Shirley Botts/*Anthony Ciscone*
EOUSA
TEL: 202-616-0195
FAX: 202-616-6478

## *PLEASE READ CAREFULLY*

Attached is a FOIA/PA request for records thought to be maintained in your district. You must search all manual and computer systems and thoroughly complete the accompanying "Record of Search" form.

After you have expended two hours of search time, stop searching and contact us. We will need an estimate of how long you believe it will take you to complete the search, approximately how many pages are in the file, and whether it is a multi-defendant case.

This form and any applicable attachments must be completed and returned to this office within 10 days, unless otherwise advised. Incomplete forms will be returned to you for completion.

RESULT OF SEARCH:(CIRCLE WHERE APPROPRIATE)

RECORDS: NO RESPONSIVE RECORDS/MISSING/DESTROYED. (If destroyed, attach proof; if missing, explain.)
CASE STATUS: (ATTACH DOCKET SHEET; if too large select portions.)
CLOSED CASE:(Date)
PENDING/ANTICIPATED: INVESTIGATION/TRIAL/APPEAL/OTHER(explain and complete Form 007.)
ADDITIONAL INFORMATION: CLASSIFIED/SEALED/CO-DEFENDANTS/ FUGITIVES/DANGEROUS PERSON(S)(explain)

LOCATED RECORDS: COMPLETE FOR ALL CASES AND ESTIMATE VOLUME

| COLUMN A<br>**DO NOT FORWARD ABSENT SPECIFIC REQUEST**; CHECK BOX/ESTIMATE PAGE COUNT. | COLUMN B<br>**COPY AND FORWARD** WITH THIS PAGE ALL NON-PUBLIC RECORDS LISTED BELOW/ESTIMATE PAGE COUNT. |
| ☞( √ ) Court-Filed/Public Records<br>___750___ (includes Plea Agree-ments/Exhibits/PSRs/Appeals courts) | ☞( )State/local/foreign law enforcement records |
| ☞( √ ) Grand Jury Records (Total)<br>(Broken Down):_____ | ☞( )Confidential Informant_____ |
| √ GJ Transcripts:__13_____ | ☞( √ )Correspondence_____ |
| ____GJ Subpoenas:_____ | ☞( √ )Attorney Work Product:(ex. handwritten notes, draft pleadings, memos, legal research, etc._____ |
| ____GJ Exhibits:_____ | |
| ____GJ Attorney Notes:_____ | ☞( )Public source material. (ex. news clippings/press releases/articles, etc.) |
| ____GJ other(specify):_____ | |
| ☞( )SEALED RECORDS_____ | ☞( √ )Other federal agency (i.e., FBI,etc.)__DEA__ |
| ☞( √ )OTHER (specify):__150 - Dist.Ct. Transcripts__ | |

(Page
Form No. 01-

**10**

Requester:___Amin Jones_____

Request No: __03-2895_____

**\*\*\*IN ADDITION, PLEASE SEND A COPY OF THE DOCKET SHEET, INDICTMENT OR COMPLAINT, AND THE FILE JACKET COVER.**

Checklist completed by: _Belinda Brown_____
(signature)

Date:__May 22, 2002_____  Tel:__(813) 274-6144_____

AUSA to contact about case:___Bruce Hinshelwood_____

Tel:__407-648-7520_____

COMMENTS: Please attempt to provide complete documents and in chronological order. If necessary, add page noting: special considerations, confidential informant, guidance, recommendations, etc. anything that would assist EOUSA staff in disclosure review.

_Please note - where a file jack has been marked "Dummy," it actually means a duplicate file_

_has been made. Also - in approximating the page count of documents, I tried to consider the_

_requestor himself and not documents only concering his co-defendants._

**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information & Privacy Staff*
*600 E Street, N.W., Suite 7300, Bicentennial Building*
*Washington, DC 20530-0001*
*(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)*

## FOIA COST TRACKING FORM

EOUSA NO.: 03-2895 _____

Requester's Name: <u>Amin Jones</u> _____

District or EOUSA Component: <u>USAO/FL-M (Orlando)</u>

  The Freedom of Information Act allows us to charge for search time. Search time is the time spent searching for the requested record. Please keep track of the time spent searching for the records to respond to the above request.

  The data provided by your office under "Actual Time Expended", will be the basis for the Annual FOIA/PA Report to Congress. Every employee in your office who has expended any time on this request should fill out the amount of time expended.

  It is <u>essential</u> to return this completed form at the time the attached memorandum is returned.

### ACTUAL TIME EXPENDED

<u>MINUTES/HOURS</u>

[   ]   ATTORNEY      _____

[ ✓ ]   PARALEGAL     *2 hrs.* _____

[   ]   OTHER:_____   _____

Executed on *5/15/06* _____   Phone Number: *(813) 274-6144*

Name/Title: *Belinda Brown, Paralegal Specialist*

Signature: *Belinda Brown*

Form No. 036 - 09/05

**U.S. Departmel. Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester:___Amin Jones_____    Request Number:___03-2895_____

Subject of Request:__Self_____

Dear Requester:

JUN 30 2006

    Your request for records under the Freedom of Information Act/Privacy Act has been processed.  This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act.  28 CFR § 16.81.  We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you.  This letter is a [ **X** ] partial [    ] full denial.

    Enclosed please find:

___224____ page(s) are being released in full (RIF);
____5_____ page(s) are being released in part (RIP);
____74____ page(s) are withheld in full (WIF).  **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below.  An enclosure to this letter explains the exemptions in more detail.

### FOIA: 5 U.S.C. § 552

| | | | PA: 5 U.S.C. § 552a |
|---|---|---|---|
| [    ] (b)(1) | [    ] (b)(4) | [    ] (b)(7)(B) | [ **X** ] (j)(2) |
| [ **X** ] (b)(2) | [ **X** ] (b)(5) | [ **X** ] (b)(7)(C) | [    ] (k)(2) |
| [ **X** ] (b)(3) | [    ] (b)(6) | [    ] (b)(7)(D) | [    ] (k)(5) |
| FRCrP 6(e) | [    ] (b)(7)(A) | [    ] (b)(7)(E) | [    ] _____ |
| 5 USC App. § 107 | | [    ] (b)(7)(F) | |
| 5 CFR § 2634.604 | | | |

[ **X** ]  In addition, this office is withholding grand jury material which is retained in the District.

(Page

Form No. 021- no

[ **X** ]    A review of the material revealed:

[ **X**  ]    __41__  page(s) originated with another government component.  **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.**  These records are being referred to the following component(s) listed for review and direct response to you: Drug Enforcement Administration.

[ **X** ]    There are public records which may be obtained from the clerk of the court or this office, upon specific request.  If you wish to obtain a copy of these records, you must submit a new request.  These records will be provided to you subject to copying fees.

[ **X** ]    See additional information attached:  Explanation of exemptions.

This is our final action on the above-numbered request.  Because this matter is already the subject of pending litigation in federal District Court, you need not file an administrative appeal with the Department of Justice Office of Information and Privacy, and may instead raise any issues concerning the above-referenced request in court.  *See* 28 CFR § 16.9(a)(3) ("An appeal ordinarily will not be acted on [by OIP] if the request becomes a matter of FOIA litigation").

Sincerely,

William G. Stewart II
Acting Assistant Director

Enclosure(s)

(Page 2 of 2)

Form No. 021 - no fee -2/06

### EXPLANATION OF EXEMPTIONS

**FOIA: TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)     (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2)     related solely to the internal personnel rules and practices of an agency;

(b)(3)     specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)     trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)     inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)     personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)     records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8)     contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)     geological and geophysical information and data, including maps, concerning wells.

**PRIVACY ACT: TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)     information complied in reasonable anticipation of a civil action proceeding;

(j)(2)     material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)     information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)     investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)     material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)     required by statute to be maintained and used solely as statistical records;

(k)(5)     investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence;

(k)(6)     testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)     material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence.

# ADDENDUM TO THE EXPLANATION OF EXEMPTION SHEET

☒    Rule 6(e) of the Federal Rules of Criminal Procedure pertains to the Federal Grand Jury, its integrity and the secrecy surrounding the Jury.

☐    Under the Freedom of Information Act, an agency has no discretion to release any record covered by an injunction, protective order, or court seal which prohibits disclosure. See GTE Sylvania, Inc. v. Consumers Union, 445 U.S. 375, 386-387 (1980); See also Robert Tyrone Morgan v. U.S. Dept. of Justice, 923 F.2d 195 (D.C. Cir. 1991).