Exhibit 1a

Case 1:06-cv-00248-PLF    Document 48-3    Filed 03/02/2007    Page 1 of 18

| BOX/ DOC | PAGES | DOCUMENT DESCRIPTION | EXEMPT/ STATUS | JUSTIFICATION |
|---|---|---|---|---|
| | | | | **SUMMARY OF ABBREVIATIONS**<br>**"RIF"- Released in full**<br>**"RIP"- Released in part**<br>**"WIF"-Withheld in full**<br>**"NS"  - Deemed not segregable after review for segregability.** |

| 1 | 2 | Document consists of printout of emails between attorneys discussing legal positions in Plaintiff's case.<br><br>Document is dated October 6, 2003 | (b)2, (b)5, (b)7C, j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |

| 2 | 1 | Form titled "Conflict of Interest Certification". The certification provides contains internal information concerning the AUSA's ability to represent the DOJ in this matter.<br><br>Document is dated May 8, 2001 | (b)2,<br>j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |

| 3 | 1 | Document titled "Case Initiation Form" contains selected information relating to Plaintiff's criminal case and initials which could be used to identify a law enforcement individual connected with this case.<br><br>Document is dated March 17, 2006 | (b)2, (b)5, (b)7C, j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| 4 | 1 | Cover page used for interoffice storage information.<br><br>No visible date | (b)2,<br>j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| | | | | |
|---|---|---|---|---|
| 5 | 1 | Letter from AUSA to an individual informing the individual of his witness status in Plaintiff's case. It contains information about the case, it is an unsigned form and identifies a DEA official.<br><br>Document is dated March 11, 2002 | (b)2, (b)5, (b)7C, j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br>No page was determined segregable after review for segregability. |

| 6 | 4 | Communication letter between Department of Justice employees concerting Plaintiff's case.<br><br>Document is dated Dec. 8, 2003 | (b)5, (b)7C, j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |

| 7 | 3 | Xerox copies of handwritten attorney notations concerning certain aspects of requester's case. Notations contain background information, bullet points and thoughts. Names of third party individuals are contained within some notations.<br><br>No visible date | (b)2, (b)5, (b)7C, j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| 8 | 7 | Document consists of internal use office forms titled "Lions- Criminal Matter Initiation Form"<br><br>Forms contain various identifying information relating to the case as well as matters connected with Plaintiff's case. There are names of attorneys and other third parties connected with the case and summaries of background information concerning the viability of the case.<br><br>Document is dated Dec. 4, 1998 | (b)2, (b)5, (b)7C, j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| 9 | 6 | Copies of facsimile transmissions containing the body of the message as well as the cover page. Information within the document is a communication between attorneys containing opinions and deliberations. It was prepared in anticipation of litigation.<br><br>Document is dated March 30, 2006 | (b)2, (b)5, (b)7C, j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| | | | | |
|---|---|---|---|---|
| 10 | 15 | Draft copy of an affidavit from a task force agent discussing various aspects of the case and its investigation. Document is unsigned and contains sections which are crossed out and handwritten notations on the margins.<br><br>No visible date | (b)5,<br>(b)7C,<br>j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |

| 11 | 5 | Document titled "Appeal Transfer Information Form"<br><br>Contains a checklist as well as margin notations relating to the requester's case.<br><br>No visible date | (b)2,<br>(b)5<br>j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>There are no public interests to weigh.<br>No page was determined segregable after review for segregability. |

| 12 | 12 | Draft copy of a memorandum prepared by an attorney for the purpose of requesting authorization for departure from sentencing guidelines.<br><br>Document is dated Oct. 25, 2000 | (b)5, j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government<br><br>No page was determined segregable after review for segregability.<br><br>Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |

| 13 | 3 | Unsigned draft copy of a government's motion<br><br>No visible date | (b)5,<br>j(2)<br>**WIF** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government<br><br>No page was determined segregable after review for segregability.<br><br>Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |

| 14 | 10 | Document consists of cover sheets used for internal identification of contents of a file. Contains various remarks noted by attorneys involved in the case as well as procedural and investigative history of the case. Also contains third party names mentioned throughout the comment areas.<br><br>No visible date | (b)2, (b)5, (b)7C, j(2) **WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. |

| | | | | |
|---|---|---|---|---|
| 15 | 3 | "Conflict of Interest" forms signed by an AUSA involved in the case.<br><br>Document is dated Nov. 3, 2005 | (b)2, j(2)<br>**WIF** | Exemption (b)(2) exempts from mandatory disclosure information which is related solely to the internal personnel rules and practices of an agency. Documents withheld by application of Exemption (b)(2), in this case, commonly referred to as "low 2" due to their content. The records contain information which is exclusively for internal use of the Department of Justice.<br><br>There are no public interests to weigh.<br><br>No page was determined segregable after review for segregability. Disclosure of any portion of the document would disclose attorney work product and the deliberative process concerning a particular case, thus the document is not segregable. |
| 16 | 2 | Facsimile communication between attorneys with additional handwritten notes on the margins as to what discovery will be pursued. These handwritten notes that appeared on one page are the only redactions.<br><br>Document is dated April 5, 2002 | (b)5, j(2)<br>**RIP** | Exemption (b)(5) is asserted to protect attorney work product within the withheld document. The information contains the U.S. Attorney's opinion, theory of the case, facts, assessments of facts, impression of the witnesses, the strength of various evidence and problem areas in the case, and issues upon which the attorney could present the case. It was prepared in anticipation of litigation and contains the thoughts and impressions of an attorney.<br><br>Exemption (b)(5) is also asserted to protect the deliberative process of the U.S. Department of Justice. The matters which are withheld are pre-decisional communications among government personnel which, if disclosed, would jeopardize the candid considerations which are necessary for good decision making in the Government.<br><br>There are no public interests to weigh. |

| 17 | 4 | Letter from AUSA to another attorney discussing various individuals and their connection to the case.

Document is dated April 8, 2002 | (b)7C, j(2) **RIP** | Exemption (b)(7)(C) is asserted to protect the names and other identifying information of third parties, witnesses, and law enforcement personnel who provided information to the investigation team on the grounds that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

There are no public interests to weigh. |