Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMIN JONES,                        )
                                     )
          Plaintiff,           )
                                     )
          v.                    )
                                     )     Civil Action No. 06-00248 (JLF)
U.S. DEPARTMENT OF JUSTICE, *et. al.*,  )
                                     )
          Defendant.      )
                                     )

**DECLARATION OF WILLIAM C. LITTLE, JR.**

     I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury

pursuant to 28 U.S.C. § 1746.  The subject of this declaration and the statements set forth herein

are true and correct either on the basis of my personal knowledge or on the basis of information

acquired by me through the performance of my official duties.

1.  I am an Attorney admitted in and a member in good standing in the Bar of the State of

Pennsylvania.

2.  I am currently employed as a practicing attorney by the United States Department of Justice

(DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief

Counsel, Administrative Law Section.

3.  Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are

matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA),

5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters arising under the FOI/PA in which DEA is an interested party.

7. I prepare, and review and supervise the preparation of affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

8.  As the DEA Privacy Officer, I became was familiar with, and provided support and guidance to DEA employees and offices in matters relating to DEA's administration of the Privacy Act and the maintenance of Privacy Act Systems of Records.  The support also included the administration of DEA's Privacy Act System Notices, and training of DEA employees in FOIA and PA.  In addition, I adjudicated Requests for Amendment of Records submitted to DEA, under the Privacy Act.

9.  The purpose of this declaration is to respond to Plaintiff's complaint brought under the Privacy Act.

10.  In preparing this declaration, I read and am familiar with the complaint in the above entitled action.  Also, I personally conducted a litigation review of the contents of the files and records maintained by the DEA Freedom of Information Operations Unit (SARO).

11.  SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA.  I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

12.  By letter dated June 30, 2006, the Executive Office for the United States Attorneys (EOUSA), Freedom of Information/Privacy Act Staff, forwarded 41 pages to DEA for direct response to the plaintiff.  A copy of the EOUSA letter is attached as Exhibit A.

-3-

13. DEA maintains two (2) FOIA files related to the Plaintiff.  The first, DEA FOIA Request No. 03-0640-P, contains information related to the withholding and release of information in response to a request received by DEA from the plaintiff.  The second, DEA FOIA Request No. 06-1185-P, contains information related to the receipt and processing of information pursuant to the referral of 41 pages by the Executive Office for the United States Attorneys (EOUSA).

## DEA FOIA Request No. 06-1185-P

14.  By letter dated June 30, 2006, the EOUSA forwarded 41 pages of material to DEA for a direct response to the plaintiff.  A copy of the EOUSA letter dated June 30, 20064, is attached as Exhibit A.

15. In a letter to the plaintiff dated July 24, 2006, DEA acknowledged the receipt of the documents from EOUSA.  A copy of the DEA letter dated July 24, 2006, is attached as Exhibit B.

16.  By letter dated August 15, 2006, DEA released portions of three (3) pages, withheld 16 in their entirety and referred one (1) page to another agency for review.[1]  DEA withheld information pursuant to Privacy Act (PA) Exemption (j)(2), and FOIA Exemptions (b)(2), (b)(7)(C), (b)(7)(D) and (b)(7)(F).  The plaintiff was also advised that 21 pages were duplicates.[2]  A copy of the DEA Letter dated August 15, 2006, is attached as Exhibit C.

---

[1] No withholdings were recommended.  Thus, the document is included in the release without mention of the final action taken.

[2] The 21 pages were deemed duplicates of pages contained in DEA FOIA Request No. 03-0640-P processes in response to a direct request received by DEA from the plaintiff.

17. By second letter dated August 15, 2006, DEA forwarded one (1) page, for consultation, to the U.S. Border patrol to review and return. A copy of the DEA letter dated August 15, 2006, is attached as Exhibit D.

18. During the course of the litigation review, it was discovered that the August 15, 2006, letter was never delivered to the plaintiff and was returned to DEA by the U.S. Postal Service. It was also discovered that the 21 pages delineated as duplicates were not. The 21 pages were processed and by letter dated February 28, 2007, DEA release portions of 11 pages to the plaintiff, and withheld 30 in their entirety. A copy of the DEA letter dated February 28, 2007, is attached as Exhibit E..

## DESCRIPTION OF RESPONSIVE MATERIAL

19. In total, of the 41 pages referred to DEA, portions of 11 pages were released to the plaintiff and 30 were withheld in their entirety. Information was withheld pursuant to FOIA Exemptions (b)(2), (b)(7)(C), (b)(7)(D), (b)(7)(F), and PA exemption (j)(2). A *Vaughn* index detailing DEA's withholdings has been prepared, and it is attached as Exhibit F.

20. In this case, the 41 pages of responsive information consist of:

   (a). 12  DEA Reports of Investigation (ROI);
   (b). two (2) DEA Report of Drug Property Collected, Purchased or Seized forms; and,
   (c)  one (1) DEA Acquisition of Non-Drug Property and Regulatory Seizure form.

-5-

21.  All the records referred are criminal investigative records.  The records were compiled

during criminal law enforcement investigations of the plaintiff and several third-parties.

Information gathered during the course of a DEA investigation is systematically gathered and

included in the investigative case file.  This information relates to the case subject and may also

include other individuals such as those who are suspected of engaging in criminal activity in

association with the subject of the file.


22.  DEA investigative case files are established by the office commencing an investigation.  The

files are titled according to the name of the principal suspect violator or entity known to DEA at

the time the file is opened.  DEA does not maintain a separate dossier investigative case files on

every individual or entity that is of investigative interest.


23.  The criminal investigative files maintained by DEA are found in the DEA Investigative

Reporting and Filing System (IRFS).  IRFS investigative case files generally contain several

types of forms and other miscellaneous documents. The forms generally include, in pertinent

part, (a) the DEA Report of Investigation (ROI), DEA Form 6, and continuation page, Form 6a;

(b) the DEA Form 7,  Report of Drug Property Collected, Purchased or Seized; and (c) the DEA

Form 7a, Acquisition of Non-Drug Property and Regulatory Seizures.


24.  The DEA Form 6, and form 6a, are multi-block forms that comprise the DEA ROI.  The

forms are used by DEA to memorialize investigative and intelligence activities, and information.

The Form 6 is the initial page of the ROI and consists of 15 numbered blocks.  Blocks 1 through

-6-

10 appear at the top, and Blocks 11 through 15 at the bottom. The middle of the page is the narrative section in which investigative details and information, and intelligence information is recorded.  The Form 6a is the continuation page of the ROI and consists of six (6) numbered blocks appearing at the top followed by the narrative section that extends to the bottom of the page.

25.  The Form 6, Block 4, and Form 6a, Block 2, contain a G-DEP identifier.  The Form 6, Blocks 5, 9, 12, and 14, contain the names and/or signatures of DEA Special Agents and other law enforcement personnel.  The Form 6, Block 6, and Form 6a, Block 3[3], contains the file title, which is generally the subject of the investigation.

26. The narrative section may be broken into several sections which include a "Synopsis," "Details," "Evidence," "Vehicle Indexing" and/or "Indexing" sections.  Ordinarily, the "Indexing Section" appears at the end of the narrative and is used by the preparer of the report to designate individuals and entities, by name, that are of investigative interest which the agent or intelligence analyst designates to be listed in NADDIS.  In addition to the name of an individual, the indexing section may provide identifying details for the indexed individuals or entity that may include physical descriptions, aliases, social security numbers, various license numbers, addresses, and/or occupations.

---

[3] The DEA Form 6a in this case is in error having two (2) blocks numbered as "2".  In the *Vaughn* index the error is denoted with a "sic".

27.  The DEA Form 7,  Report of Drug Property Collected, Purchased or Seized,  includes a description of the alleged drugs seized, the quantity seized, and a laboratory analysis/comparison report.  The form consists of 39 blocks of which Block 3 contains the G-DEP identifier; Block 5, the file title; Block 16, the "Remarks," contains descriptive information that may include names of law enforcement officers and third parties, and other information regarding the seizure; Blocks 17, 18, 20, 21, 23, 24, 34 and 37 contain the names and/or signatures of DEA Special Agents, other law enforcement personnel or DEA employees.

28.  The DEA Form 7a, Acquisition of Non-Drug Property and Regulatory Seizures is used to report any non-drug property acquired.  DEA uses the DEA-Form 7a to log or maintain a record of the non-drug property.  The form consists of 31 blocks of which Block 4 contains the G-DEP identifier; Block 5, the file title; and Blocks 13 -18, 20, 21, 28 and 30, the names and signature of a DEA Special Agent or other law enforcement officer.

## JUSTIFICATION FOR WITHHOLDINGS

## APPLICATION OF PRIVACY ACT EXEMPTION (j)(2)

29.  DEA is component of the Department of Justice whose primary responsibility is the enforcement of Federal criminal laws related to the illicit trafficking in controlled substances and chemicals, including the Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 *et seq*. See 28 C.F.R. § 0.100.

30. IRFS is a Privacy Act System of Records that was last reported at 66 Fed. Reg. 8425 and last published in its entirety at 61 Fed. Reg. 54219. In accordance with the Privacy Act, rules were promulgated, pursuant to 5 U.S.C. §552a(j)(2), to exempt records contained in IRFS from access. 28 C.F.R. §16.98(c)(3).

31. In accordance with the Privacy Act, 5 U.S.C. §552a(b), except pursuant to a written request by, or with prior written consent of, the individual to whom the record pertains, unless disclosure of the record is required by the FOIA, for a routine use or pursuant to the order of a court of competent jurisdiction, information was withheld by DEA. No routine use existed for and the plaintiff did not provide a release authorization or proof of death for the release of any third-party information, and no court order has been received by DEA. Thus, the release of information is only that which is required by the FOIA.

32. To date, there is no record that the plaintiff has provided a written authorization for release from any third-part, no court order was received by DEA, and release is not required by the Freedom of Information Act, pursuant to FOIA Exemptions, (b)(6), (b)(7)(C) and (b)(7)(F) and to the extent that the information would disclose the identity of and/or information provided by a confidential source, Exemption (b)(7)(D).

## WITHHOLDING PURSUANT TO FOIA EXEMPTION (b)(2)

33. The FOIA, 5 U.S.C. § 552 (b)(2), exempts from disclosure information relating to the internal rules and practices of any agency.

–9–

34. Pursuant to DEA rules and practices as indicated in the DEA Agents Manual, many of the

pages in this case contain "violator identifiers" consisting of G-DEP (Geographical Drug

Enforcement Program) codes and NADDIS numbers. The G-DEP and NADDIS are part of

DEA's internal system of identifying information and individuals.

(a). G-DEP codes are assigned to all DEA cases at the time the case file is opened and

indicate the classification of the violator, the types and amount of suspected drugs

involved, the priority of the investigation and the suspected location and scope of

criminal activity.

(b). NADDIS numbers are multi-digit numbers assigned to drug violators and suspected

drug violators known to DEA. Each number is unique and is assigned to only one

violator within the DEA NADDIS indices. Knowledge of the NADDIS number provides

a means of finding out, not only drug violator information about the subject, but also

personal information about him, relatives and any third-parties associated with the

plaintiff. Thus, Exemption (b)(7)(C) was used in conjunction with (b)(2) to withhold

third-party NADDIS numbers.

35. The release of the G-DEP codes would help identify the priority given to narcotic

investigations by DEA, the types of criminal activities involved of which DEA was aware, and

the violator ratings. Suspects could use this information to change their pattern of drug

trafficking in an effort to respond to what they determined DEA knew about them to avoid

detection and apprehension, and/or create alibis for the suspected criminal activities. Disclosure

-10-

of the codes would, therefore, thwart the Drug Enforcement Administration's investigative and law enforcement efforts.

36. NADDIS numbers are unique and personal to the individual to whom the number applies. They are assigned by DEA for internal use and there is no public interest in their release.

## WITHHOLDING PURSUANT TO FOIA EXEMPTION (b)(7)

### Exemption (b)(7) Threshold

37. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* (hereinafter, the Act) which authorizes DEA to enforce the Act through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

### Exemption (b)(6) and (b)(7)(C) - Invasion of Privacy

38. The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Many of the documents in the

-11-

investigative case file contain names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with the plaintiff. The individuals, which include third-parties, suspects, criminal associates, non-implicated individuals, and law enforcement officers and support personnel, are protected from the disclosure of their identities.

39. In making the determination to withhold this information, the individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities. In this instance, the plaintiff provided no facts to show any public interest for which any potential public interest would outweigh the privacy interests of the individuals. Thus, disclosure of the identities would be an unwarranted invasion of their personal privacy.

40. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name and/or identifying data appeared in the documents at issue. The public interest in disclosure of the information was determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce Federal criminal statutes and Controlled Substance Act, and/or how DEA conducts its internal operations and investigations. In this case, it was determined that there was no legitimate public interest in the information withheld under exemption (b)(7)C), and release of any information about a third party would constitute an unwarranted invasion of that third party's personal privacy.

-12-

41. The identities of DEA Special Agents, and other Federal, state/local law enforcement officers were withheld. Releasing their identities and information pertaining to these individuals would place the Special Agents, and other law enforcement officers and personnel in a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in the context of a criminal law enforcement investigatory file.

42. The Special Agents and other law enforcement officers were assigned to handle tasks relating to the official investigation into the criminal activities of the plaintiff. They were, and possibly still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information pertaining to ongoing and closed investigations. There is no public interest to be served by releasing the identities of DEA agents.

43. The identities of government employees, including DEA and FBI Special Agents, and a DEA non-drug evidence custodian were withheld. Releasing their identities and information pertaining to these individuals would place them in such a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in a criminal law enforcement investigatory file.

44. Government employees were assigned to handle tasks relating to the official investigation into the criminal activities of the plaintiff. They were, and possibly still are, in positions of access to information regarding official law enforcement investigations. If their identities are released, they could become targets of harassing inquiries for unauthorized access to information

-13-

pertaining to ongoing and closed investigations. Also, release of their identities would constitute

an unwarranted invasion of their personal privacy. There is no public interest to be served by

releasing the identities of government employees.


## Confidential Sources and Information Obtained from Confidential Source

## Exemption (b)(7)(D)


45. The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for the information compiled

for law enforcement purposes the disclosure of which could reasonably be expected to reveal the

identity of a confidential source and/or information furnished by a confidential source.


## Sources with Implied Confidentiality


46. When it cannot be ascertained that a source was found to have been expressly made a

promise of confidentiality, certain circumstances characteristically may support an inference of

confidentiality, such as the character of the crime being investigated, and the source's relation to

the nature of the crime.


47. The plaintiff was convicted of conspiracy to distribute large quantities of marijuana.

methamphetamine. There were instances of violence documented during the investigation an

individuals carrying and being convicted of firearm offenses. It is reasonable to infer that the

individuals who provided information about the plaintiff and other individuals would fear for

their safety, if their identities or the information they provided was revealed. Additionally,

-14-

release of the name of the sources could jeopardize DEA operations, since their cooperation and that of other similarly situated individuals could be needed in future criminal investigations.

48.  Pages 1 through 3 comprise a three-page ROI containing an interview of a source of information that was withheld in its entirety.  The source is identified in the report and provided information about the drug trafficking activities of himself/herself, the plaintiff, and third parties.  The plaintiff and other third-parties are mentioned throughout the report.

49.  Pages 4 through 14 comprise an eleven-page ROI containing an interview of a source of information that was withheld in its entirety.  The source is identified in the report and provided information about the drug trafficking activities of himself/herself, the plaintiff, and third parties.  The plaintiff and other third-parties are mentioned throughout the report.

50. Pages 27 through 29, 30 through 32, and 33 through 35 comprise three (3) three-page ROIs containing interviews with sources of information.   The three (3) reports were withheld in their entirety.  The sources are identified in the reports and provided information about the drug trafficking activities of themselves, the plaintiff, and third-parties.  The plaintiff and other third-parties are mentioned throughout the reports.

51.  Pages 36 through 39 comprise a four-page ROI containing an interview of a source of information and was withheld in its entirety.  The source is identified in the report and provided information about the drug trafficking activities of himself/herself, the plaintiff, and third parties.  The plaintiff and other third-parties are mentioned throughout the report.

52.  Pages 40 and 41 comprise a two-page ROI containing an interview of a source of

information and was withheld in its entirety.  The source is identified in the report and provided

information about the drug trafficking activities of himself/herself, the plaintiff, and third parties.

The plaintiff and other third-parties are mentioned throughout the report.


## SAFETY OF  INDIVIDUAL


53.  The FOIA, 5 U.S.C. § 552 (b)(7)(F), sets forth an exemption for records or information

compiled for law enforcement purposes the disclosure of which could reasonably be expected to

endanger the life or physical safety of an individual.


54.  Confidential sources approach and associate with violators in a covert capacity.  Many of

those violators are armed and many have known violent tendencies.  It has been the experience of

DEA that discovery of the identities of sources has, in the past, resulted in several instances of

physical attacks, threats, harassment, attempted murder and murder of sources and individuals

connected to them.  It may, therefore, be reasonably anticipated that sources and individuals

associated with the source would become targets of similar abuse if they were identified as

participants in DEA enforcement operations.


55.  The subject of this declaration and the statements set forth herein are true and correct either

on the basis of my personal knowledge or on the basis of information acquired by me through the

performance of my official duties.


-16-

## SEGREGABILITY

56.  In this case, each page was examined to determine whether any reasonably segregable information could be released.  Pages were withheld in their entirety where the release of any additional information would (1) result in the disclosure of no useful information or incomprehensible words and/or phrases that would not shed any light on how the Government conducts business, (2) could result in compromising the identity of and  information provided by sources of information who were granted express confidentiality or, because of the circumstances, implied confidentiality was applicable, (3) would be an unwarranted invasion of personal privacy when balanced against the public interest in the release of information gathered during the course of a criminal investigation, and/or (4) place in jeopardy the lives and safety of third-parties which includes sources of information, individuals associated with or mentioned in the investigative reports, and DEA agents and other law enforcement personnel.

57.  Specifically, most of the pages withheld in their entirety comprise interviews with and statements of confidential informants regarding the drug trafficking activities of the plaintiff and other third-parties.  Due to the uniqueness of this information, release would tend to identify the DEA sources of information in this case.  Also, the numerous third party individuals discussed in this material have a strong interest in not being publicly associated with a criminal investigation.  Moreover, due to the dangerous crimes of which Plaintiff has been convicted, it is reasonably likely that release of this information and thereby the identities of the sources, targets, investigators and other third parties involved or mentioned in this investigation would pose a

-17-

serious risk to these individuals' safety. Once these individuals were fully protected, no useful

information remained in this pages that could be released to Plaintiff

58. Reasonably segregable also involved consideration of the time and effort that would be

expended to exclude or include information in a record or document being processed. The

current redaction process employed by DEA entails the use of translucent red cellophane tape.

After the tape is applied, the document is copied and the information intended to be withheld is

blackened in the copying process. Once tape is applied, it generally cannot be removed. The

tape lifts the print from the paper, if removal is attempted or if it inadvertently touches print not

intended to be withheld. The page must then be recopied and the process begun again.

59. The process of applying a thin strip of tape is tedious, cumbersome and time consuming;

however, it is the most effective and efficient means currently available to DEA to withhold

information based upon the manner and methods in which DEA records information and

maintains its records. Consequently, the importance of releasing a particular word, when an error

occurs, is balanced against the cost of redoing an entire page.

60. In making the determination to redo a page or pages, consideration is given as to whether the

information which could be released will add any value in disclosing or shedding light on how

the Government conducts business. Thus, although an additional word could be released, or the

same word is withheld in one instance and not in another, a balance is struck between the cost of

re-processing the entire page and the value of the word or phrase that could be released.

61.  Pages 1 through 3, 4 through 14, 27 through 29, 30 through 32, 33 through 35, 36 through 39

and 40 through 41, withheld in their entirety pursuant to FOIA Exemption (b)(7)(D), were

examined to determine whether any reasonably segregable information could be released.  After

information is withheld pursuant to FOIA Exemptions (b)(2), (b)(3), (b)(7)(C), (b)(7)(D), and

(b)(7)(F), only blank pages, pages with the plaintiff's name and identifying information, the

investigative file number and/or pages with incomprehensible words and phrases would remain.

The release of that information would not contribute to the understanding of how DEA or how

the Governments conducts business.  Thus, the pages were withheld in their entirety.


62. Of the pages to which (b)(7)(D) does not apply, page 17 was withheld in its entirety.  Page 17

is the final page of an investigative report containing the final portion of the indexing section.  .

After information is withheld pursuant to FOIA Exemptions (b)(2), (b)(7)(C) and (b)(7)(F), only

a blank page would remain.  Therefore, the release of the pages would not contribute to the

understanding of how DEA or the Governments conducts business.  Thus, the page was withheld

in their entirety.


63.  I declare under the penalty of perjury that the foregoing is true and correct.


_March 3, 2007_
          DATE

William C. Little, Jr., Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C.  20537


-19-

# EXHIBIT A



U.S. Department ı stice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

JUN 30 2006

To:  Drug Enforcement Administration

Requester:    Amin Jones                                EOUSA Requester No.: 03-2895

Subject of Request:    Self

Dear FOIA/PA Contact Person:

The enclosed Freedom of Information Act/Privacy Act request was received by this office.  The paragraphs checked below apply:

1.      [  ]    As your office may have records responsive to this request, we are referring it to you for a direct response to the requester.

2.      [ X ]    **While processing this request, we located the enclosed records which originated in your office.  These records were found in the U.S. Attorney's Office files and may or may not be responsive to the request.  We are referring ____41____ page(s) of material and a copy of the request to you for a direct response to the requester.**

3.      [ X ]    **This office is also providing ____7____ page(s) of background information under a cover page entitled *"Requester's Initial FOIA Letter and EOUSA's Final Determination."* These pages are provided to your agency solely to assist you in processing your records.  These are <u>not</u> part of the referred records and should be maintained as intra-agency administrative records in connection with this referral.**

        **A copy of our final determination letter is also enclosed for your reference.  Please note we have charged the requester $_____ for search/duplication costs incurred in the processing of this request.**

        We have notified the requester of this referral.

        If you have any questions about this matter, please contact the FOIA/PA processor named below.

                                                Sincerely,

                                                William G. Stewart II
                                                Acting Assistant Director

Name: Manizheh Boehm
Phone: (202) 616-1047

# FREEDOM OF INFORMATION ACT REQUEST

EOUSA/FOIA/PA
'03 JUL 30 AM 10: 52

Date: 07/06/2003

Name of Agency: EXECUTIVE OFFICE FOR UNITED STATES ATTORNEY

Address: 600 E. Street N.W.,

City/State/Zip: WASHINGTON, D.C. 20530.

Dear Sir or Madam:

This is a request under the freedom of Information Ac. as amended (USC Title 5 §552) in conjunction with the Privacy Act (USC Title 5 §552a).

I am writing to request a copy of the following information: Any file, records, or memoranda, or documents on tape computer generated or stored informatino to Amin Jones, SS# ███████ from 1996 to the forgoing date.

NOTE: Please expedite this request.

The FOIA also provides that if only portions of a file are exempted from release, the remainder must be released. I therefore request that I be provided with all nonexempt portions which are reasonably segregate. I, of course, reserve my right to appeal the withholding of deletion of any information.

If you have any questions regarding this request, please write me at the below caption address.

As provided in the Freedom of Information Act, I will expect to receive a reply within ten working days.

Sincerely Requested,

(Name)

AMIN JONES

88206-079                          A/B
ID Number                          (Unit)

CC: file

CC: Office of Government Policy.

United States Penitentiary
P.O.Box 26030
Beaumont, Texas 77720-6030

**FILE COPY**
#03-2895



# EXHIBIT B

U. S. Department of Justice

Drug Enforceme    Administration

_____

*www.dea.gov*

JUL 2 4 2006

Request Number:     06-1185-P

Subject of Request:    JONES, AMIN D.

Referred to DEA by:   EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

Amin D. Jones
Reg. No. 88206-076
USP Beaumont
P.O. Box 26030
Beaumont, Texas  77720

Dear Mr. Jones:

     In response to your request for documents from the above agency, the Drug Enforcement Administration (DEA) has been asked to review certain materials which originated within DEA.  In order to expedite all requests, your request will be handled in chronological order based on the date of this letter.

     Your request has been assigned the above number.  Please include this number in any future correspondence to this office regarding this request.

     This letter confirms your obligation that by filing your request, you have implicitly agreed to pay all applicable fees charged under 28 C.F.R. 16.11, up to $25.00, unless you seek a waiver of fees (28 C.F.R. 16.3 (c )).

     Please be assured that your request is being handled as equitably as possible.  Upon completion of the processing, you will be notified of chargeable fees, and payment will be required prior to release of any records.  If there are not fees associated with the processing of your request, all documents that can be released will be made available to you at the earliest possible date.

                      Sincerely,

                      Katherine L. Myrick
                      Chief, Operations Unit
                      FOI/Records Management Section

# EXHIBIT C



**U.S. Departm nt of Justice**
Drug Enforcement Administration

AUG 1 5 2006

Case Number: 06-1185-P

Subject: JONES, AMIN - EOUSA 03-2895

Referred to DEA By: EOUSA

Amin D. Jones #88206-079
U.S.P. Beaumont
P.O. Box 26030
Beaumont, TX 77720

Dear Amin D. Jones:

The Drug Enforcement Administration (DEA) Freedom of Information Section has completed its review of the referred DEA documents pursuant to your Freedom of Information/Privacy Act (FOI/PA) request to the above agency.

The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552 and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail. The documents are being forwarded to you with this letter.

Please be advised that forty-one (41) pages were referred to DEA from another agency. While processing the referred material, it was discovered that twenty-one (21) pages were duplicates.

Previously, the twenty one pages were forwarded to you under FOIA request # 03-0640-P. Therefore, the twenty-one pages were removed, and will not be forwarded to you with this letter.

A certain DEA document contained information furnished by another government agency. DEA is in the process of consulting with that agency before granting access to the documents in accordance with 28 C.F.R 16.4 and/or 16/42. You will be notified if more material is available for release pending results from that consultation.

If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

OFFICE OF INFORMATION AND PRIVACY
UNITED STATES DEPARTMENT OF JUSTICE
NYAV BLDG., 11TH FLOOR
WASHINGTON, D.C.  20530


Sincerely,

Katherine W Myrick

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management

Number of Pages Withheld:                                   16

Number of Pages Released:                                   03

Number of Pages Removed (Duplicates)                        21

Number of Pages Referred to another agency:                  1


Applicable sections of the Freedom of Information and/or Privacy Act:

| **Freedom of Information Act** **5 U.S.C. 522** | | | **Privacy Act** **5 U.S.C. 552a** | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [x] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [x] (b)(2) | [ ] (b)(6) | [x] (b)(7)(D) | [x] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [x] (b)(7)(F) | | |

# EXHIBIT D

AUG 1 5 2006

**U.S. Departm\_ of Justice**
Drug Enforcement Administration

---

Case Number: 06-1185-P

Requester: Amin D. Jones

Prison Number: 88206-079

DEA FOI Specialist: Tracie Sandifer

Telephone Number: 202-307-7627

Cynthia Atwood, FOIA/PA Coordinator
U.S. Border Patrol
1300 Pennsylvania Avenue NW, Suite 6.5E
Washington, DC 20229

Dear Cynthia Atwood:

In processing the enclosed request, the Drug Enforcement Administration (DEA) located one document containing information that may be of interest to you. This information has been bracketed in red.

We ask that you review the enclosed document, make any necessary deletions, cite the exemptions claimed, and return the documents to this office. If you delete information, please enclose a copy of your agency appeal procedures so that we include them in our final response to the requester.

Suggested excisions have been made to these documents pursuant to the subsections of the Freedom of Information Act, 5 U.S.C. Section 552, and the Privacy Act, 5 U.S.C. 552a, as indicated by marginal notation.

We have also enclosed a copy of the original request letter. If you have any questions regarding this consultation, please contact the FOI Specialist indicated above.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

# EXHIBIT E



**U. S. Department of Justice**

Drug Enforcement Administration
Office of Chief Counsel
Administrative Law Section

_____

*www.dea.gov*

FEB 2 8 2007

Mr. Amin Jones
c/o Lauren James Briefing, Inc.
P.O. Box 585
Bronx, NY 10461

Re: *Amin Jones v. Department of Justice, et al.,* C.A. 06-0248 PLF
    DEA Request No. 06-1185-P

Dear Mr. Jones:

Enclosed please find portions of 11 pages, a copy of an envelope and the original Drug Enforcement Administration (DEA) letter dated August 15, 2006. The August 15, 2006, letter was generated and the pages enclosed herewith were processed in response to a referral by the Executive Office for United States Attorneys (EOUSA) by letter dated June 30, 2006, of 41 pages to the DEA

During the course of the litigation review it was discovered that the enclosed letter and its enclosures were returned to DEA by the United States Post Office. Upon further review of the previous action, it was noted that 21 pages designated as duplicates were not. Those pages have now been processed. Of the 41 referred pages, portions of 11 pages are released to you and 30 are withheld in their entirety. Information is withheld pursuant to the Privacy Act (PA), 5 U.S.C. § 552a, (j)(2), and the Freedom of Information Act, 5 U.S.C. § 552, Exemptions (b)(2), (b)(7)(C), (b)(7)(C), (b)(7)(D) and (b)(7)(F).

All information responsive to your request is criminal investigatory data compiled for law enforcement purposes. The information was compiled and maintained in the DEA Investigative Reporting and Filing System (IRFS) pursuant to DEA's law enforcement responsibility which is the enforcement of Federal drug laws.

IRFS is a Privacy Act System of Records that was last reported at 66 FR 8425 and last published in its entirety at 61 FR 54219. In accordance with the Privacy Act, rules were promulgated, pursuant to 5 U.S.C. § 552a(j)(2), to exempt records contained in IRFS from access pursuant to 28 CFR §16.98. Accordingly, DEA is only required, in this instance, to release only that information required by the FOIA.

The FOIA, 5 U.S.C. § 552 (b)(2), exempts from disclosure information relating to the internal rules and practices of any agency. Pursuant to Exemption (b)(2), DEA withholds

Mr. Amin Jones                                                                        Page 2
February 28, 2007.

"violator identifiers." These identifiers are part of DEA's internal system of identifying individuals and information for which there is no public interest in their release of these codes. DEA withholds G-DEP (Geographical Drug Enforcement Program) codes, NADDIS numbers, and DEA coded informant codes.

The G-DEP codes are assigned to all DEA cases at the time the case file is opened and indicate the classification of the violator, the types and amount of suspected drugs involved, the priority of the investigation and the suspected location and scope of criminal activity. NADDIS numbers are multi-digit personal identifiers when assigned to an individual who is a drug violator or suspected drug violators known to DEA. Each number is unique and is assigned to only individual or entity within the DEA NADDIS indices.

The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Where the pages contain names and addresses and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with the subject of the investigation, the individual's names and other identifying information were withheld to protect the disclosure of their identities.

In making the determination to withhold this information, the individuals' privacy interests were balanced against any discernible public interest in disclosure of the individuals' identities. In this instance, the privacy interests outweighed any potential interest. Thus, disclosure of certain identities would be an unwarranted invasion of their personal privacy. When withholding information pursuant to exemption (b)(7)(C), DEA balances the privacy interests of the individuals mentioned in the responsive information against any public interest in disclosure.

The identities of government employees, including DEA Special Agents, were withheld on the documents, pursuant to (b)(7)(C). Releasing their identities and information pertaining to these individuals would place each of these persons in such a position that they may suffer undue invasions of privacy, harassment and humiliation from disclosure of their identities in a criminal law enforcement investigatory file.

The FOIA, 5 U.S.C. § 552 (b)(7)(D), sets forth an exemption for the information compiled for law enforcement purposes the disclosure of which could reasonably be expected to reveal the identity of a confidential source and/or information furnished by a confidential source. The identities of and information provided by several confidential sources has been withheld pursuant to (b)(7)(D). When it cannot be ascertained that a source was found to have been expressly made a promise of confidentiality, certain circumstances characteristically may support an inference of confidentiality, such as the character of the crime being investigated, and the source's relation to the nature of the crime.

Mr. Amin Jones                                                        Page 3
February 28, 2007.

      The names of DEA Special Agents and other personnel were also withheld pursuant to the FOIA, 5 U.S.C. § 552 (b)(7)(F), which sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to endanger the life or physical safety of an individual. DEA Special Agents and Supervisory Special Agents, as well as other law enforcement personnel, are frequently called upon to conduct a wide variety of investigations, including sensitive and dangerous undercover operations and in foreign countries. This information was also withheld pursuant to Exemption (b)(7)(C), and, in conjunction with Exemption (b)(7)(D), where confidentiality is asserted.

      Sincerely,

      William C. Little, Jr.
      Senior Attorney
      Administrative Law Section

Enclosures